### 33756. HARRIS v. HARRIS.

Hall, Justice.

Mrs. Harris appeals the denial of her motion for new trial following a jury verdict in the divorce and alimony case brought by her former husband, Mr. Harris. She raises two points, urging that the jury was improperly selected because her attorney of record, Mr. C. B. King, was not present to assist in striking the jury, and that the trial court erred in overruling her attorney's subsequent motion that the court recuse himself.

1. At the May term of Macon County Superior Court, Mrs. Harris was granted a continuance until the November term. On November 8, 1977, the calendar for the term was set, and the case scheduled for November 22. An associate of Mr. King announced "ready" subject to Mr. King's finishing another trial. The trial judge, however, refused to allow the attempted conditional "ready," and emphasized that the instant case was set for November 22, 1977, and would be begun then. Subsequently, a calendar reflecting that date was mailed to all attorneys.

On November 21, 1977, the trial judge received a letter from Mr. King indicating that his current trial would not be completed by the 22nd. The trial judge telephoned Mr. King's office and told Mr. King's secretary that the case remained set for the 22nd.

On November 22, 1977, the case came on for jury selection, and although Mrs. Harris was present, no one

from Mr. King's office attended. Mrs. Harris' oral motion for continuance because of Mr. King's absence was denied. Mr. Harris and the trial judge were willing to dispense with a jury trial, but Mrs. Harris pressed her jury trial demand. The trial court insisted that if a jury were to be chosen, it be chosen that day, because "there's a considerable difference between bringing 12 jurors back and bringing 40 jurors back, at $15.00 a day. . ." The court then appointed another attorney in the courtroom to assist Mrs. Harris in striking a jury, and the jury was struck. The jury were then excused until the next day, at which time Mr. King's presence for trial was expected.

The attorney assisting Mrs. Harris in striking the jury was Mr. William T. Roberts, who had practiced law for some 27 years, was solicitor of the Macon County State Court for 18 years, and presently serves as Judge of the State Court of Macon County.

Mrs. Harris now raises no challenge to any juror selected. Rather, her argument on appeal is that she was denied her right to counsel when the jury was selected in Mr. King's absence.

Under these circumstances, involving an uncomplicated domestic relations case which had been set for trial two weeks previously, the trial judge did not abuse his discretion in denying the continuance sought on the ground that it was inconvenient or impossible for either Mr. King or any of his associates to attend. *Kennedy v. Dukes,* 137 Ga. 209 (73 SE 400) (1911); *Cotton States Life Ins. Co. v. Edwards,* 74 Ga. 220 (1883). The trial court must assume responsibility for controlling the calendar and for the efficient use of court and jury personnel. Mr. King alleges nothing which would place this case outside the general rule. The court amply protected Mrs. Harris' rights in appointing able counsel to assist her in striking the jury, and even now she alleges no particularized harm from this procedure. This claim of error is without merit.

2. In support of her second enumeration, Mrs. Harris cites page numbers in the transcript wherein, she argues, the court's remarks show "antagonism, bias and prejudice against appellant and her counsel." We have written that, under Canon 3C (1) (a) of the Georgia Code of Judicial Conduct, "Where bias or prejudice of a judge has been

shown concerning a party, it is error for the judge to hear and decide the case." *Savage v. Savage,* 234 Ga. 853, 856 (218 SE2d 568) (1975). See generally Note, Disqualification of Judges for Bias or Prejudice, 1972 Utah L. Rev. 448 (1972). Mrs. Harris does not point to any particular remark of the court as improper. We have reviewed the entire transcript, and we do not find evidence of improper comments or bias. This enumeration is without merit.

*Judgment affirmed. All the Justices concur.*

Submitted June 23, 1978 — Decided September 5, 1978 — Rehearing denied September 26, 1978.

*Henry E. Williams, C. B. King,* for appellant.
*Michael A. Fennessy,* for appellee.