## 56891. JACKSON v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of armed robbery. *Held:*

1. Defendant urges that the trial court erred in its charge on the affirmative defense of abandonment. Following completion of the state's case, the defendant testified that he had gone to an Atlanta motel with the intent to rob it, but stated that he changed his mind after entering the establishment. The charge of the court as to abandonment was in substantially the language of Code § 26-1003 which defines this defense to crime. Defendant now complains that the trial court erred by not further charging that once the defendant had raised this defense "the State must then prove that defendant did not withdraw from the crime, beyond a reasonable doubt." No

request to charge along there lines was made. At the conclusion of the entire charge, the trial judge asked defense counsel if there were any objections, exceptions or additions to the charge and received a negative answer. Error, if any, was therefore induced by this negative answer and induced error is not ground for new trial. *Hill v. State,* 237 Ga. 523, 525 (228 SE2d 898). Lastly, if an amplifying charge was desired a request should have been made. *Mason v. State,* 146 Ga. App. 557, 559 (247 SE2d 118).

2. After the jury retired for deliberation it requested a re-charge on attempted robbery, armed robbery, abandonment, conspiracy and on flight. The trial judge stated to counsel that he would not re-charge but would send the following to the jury: "The jury has heard all the evidence and the charge of the court and must conduct its deliberations based on what has already been presented ..." Counsel were shown this response and defendant's counsel stated "that's fine" and made no response when the trial judge immediately thereafter asked counsel to state any objection. Now defendant asks us to reverse his conviction for the failure of the trial judge to re-charge the jury on its request. It has been held that when the jury requests a re-charge it is the court's duty to do so. *Edwards v. State,* 233 Ga. 625 (2) (212 SE2d 802). We will not reverse, for this error was again self-induced by counsel's agreement to the proposed disposition by the court and his failure to object. *Hill v. State,* supra.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

Argued October 31, 1978 — Decided January 5, 1979.

*Billy L. Spruell, Daniel B. Kane,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Victor Alexander, Jr., Assistant District Attorneys,* for appellee.