## 58396. WILLIAMS v. THE STATE.

BIRDSONG, Judge.

Larry Williams was indicted for malice murder but convicted by jury of voluntary manslaughter. He was sentenced to ten years with seven to serve. Williams brings this appeal enumerating fourteen alleged errors. We note that this is another of those cases where counsel on appeal is different from appellant's counsel at trial. *Held:*

1. In his first four enumerations of error, Williams argues that the trial court erred in a recharge to the jury by failing to include in that recharge a restatement of the principle that if the jury had a reasonable doubt as to any offense or any element of any offense, then the jury should acquit. Appellant contends that the recharge was inconsistent with the general charge, tended to shift the burden to create a reasonable doubt to appellant, if he hoped to obtain an acquittal, and made the recharge more favorable to the state than was proper. Appellant makes no contention that the general charge was not complete or was in any way improper.

The recharge resulted from a question by the foreperson of the jury requesting the court to reinform the jury of the legal parameters of the offenses and affirmative defenses involved, i.e., malice murder, voluntary manslaughter arising out of legal provocation and out of mutual combat, and the affirmative defense of self-defense so that the jurors could have a clearer understanding of its choices. Before giving the substance of the recharge on the various offenses raised by the evidence, the trial court specifically informed the jury that the proposed recharge would be limited to what was requested, to the offenses and affirmative defense, and reminded the jury that all the other principles of law upon which the court had charged still were applicable and must be applied by the jury. The court clearly informed the jury that its possible choices included the finding of not guilty. Moreover, as indicated, the general charge included a full charge on reasonable doubt and burden of proof and properly required the jury to return a verdict of acquittal if the jury entertained a reasonable doubt as to

any offense or any element of any offense. In its recharge, the trial court reminded the jury that the burden of proof was upon the state and at three different points reminded the jury that they must be satisfied beyond a reasonable doubt of a particular offense in order to convict. We also note that after the general charge the trial court specifically asked both counsel if they were satisfied with the charge and appellant's counsel indicated that he was satisfied with the charge of the court and had no exceptions thereto. Even after the recharge, counsel for the appellant stated he had no exceptions to the charge given by the court.

Where the jury, after having been charged by the court, returns into court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry. *Carrigan v. State,* 206 Ga. 707 (10) (58 SE2d 407); *Quarles v. State,* 142 Ga. App. 394, 395 (236 SE2d 139). It is within the court's discretion to recharge the jury in full or only upon the point or points requested. *Shouse v. State,* 231 Ga. 716, 720 (13) (203 SE2d 537). Appellant concedes this point but argues that the trial court did not fully answer the question of the jury because the charge failed to inform the jury that in addition to findings of guilty based upon proof of the legal elements of the various degrees of the crime charged, the jury also must return a verdict of not guilty if not satisfied of the commission of a crime charged beyond a reasonable doubt.

We disagree with this latter argument advanced by appellant. The jury asked for a charge upon a specific point and the jury was charged upon that point. The jury was specifically reminded to recall and apply all the other instructions of the court. This was sufficient to satisfy the requirements of the law. Moreover, we conclude that the appellant waived his right to enumerate as error the failure to recharge upon the principle that an acquittal necessarily flows from a reasonable doubt by responding to the trial court's inquiry as to the sufficiency of the charge that he was satisfied and had no exceptions. *White v. State,* 243 Ga. 250, 251 (253 SE2d 694). The first four enumerations of error are without merit.

2. In Enumerations 5 and 6, appellant complains

that the trial court erred in failing to give three of his requested charges. We find no merit in these enumerations. One of those charges dealt primarily with the legal consequences of circumstantial evidence being in equipoise, and would have required the jury to select the path pointing toward innocence rather than toward guilt. This principle of law is certainly applicable in a civil case but is of doubtful validity in a criminal case, especially where the jury might, in an act of obversion, select what amounts to a preponderance rule to reach a verdict of guilt. It was on this ground that the trial court rejected the requested instruction. We believe the court was right (*Kessel v. State,* 236 Ga. 373, 374 (223 SE2d 811)), but even if we were to conclude that the refusal was irregular, it was not error in view of the appellant's specific statement that he was satisfied with the charge as given and had no exceptions thereto. See *Hill v. State,* 237 Ga. 523, 525 (228 SE2d 898); *Jackson v. State,* 148 Ga. App. 623, 624 (2) (252 SE2d 26).

The second requested charge dealt with the definition of reasonable doubt. The trial court fully and correctly charged that principle. It is not error where a trial court gives an otherwise correct and pertinent charge for the court to fail to charge in connection therewith some other correct and pertinent principle of law. *Hart v. State,* 227 Ga. 171, 174 (179 SE2d 346); *Allen v. State,* 137 Ga. App. 302, 304 (223 SE2d 495). Moreover, this omission to charge also was waived. *White v. State,* supra.

3. In Enumerations 7, 8, 9, 10, and 11, Williams argues on several grounds that the trial court erred in allowing a transcription of a pre-trial statement to be presented to the jury. This statement was tape recorded and then transcribed. The officer who taped the statement testified that the tape recorder had been used many times in the past, that it was working properly and that the transcript prepared was a verbatim rendition of appellant's oral statement. Counsel for Williams conceded the voluntariness of the statement but objected to its admission on the ground that the statement was not an accurate rendition of what Williams had stated, i.e., that the transcription was erroneous. The trial court

allowed the witness to read from the document, to refresh his memory therefrom, and allowed appellant to inquire fully into any possible discrepancies in the transcription. We have examined into each of appellant's objections to the use of the statement and find each to be without merit. Moreover, counsel for appellant agreed that the statement should go out with the jury, this being done after the court first ruled its admission to the jury would not be allowed.

4. The eleventh enumeration of error complains that several of the photographs of the victim's body were gruesome and were designed to inflame the jury. The position of the wounds was reflective of the positions of the deceased and Williams at the time of the fatal encounter. The jury needed to know this information in order to determine whether appellant was acting from anger, malice, provocation or in self-defense. It was not error for the court to admit the photographs under these cir-cumstances. *Bryan v. State,* 206 Ga. 73, 74 (55 SE2d 574).

5. Enumerations of error 13 and 14 deal with allegedly insufficient curative instructions by the court following the sustaining of objections made by appellant's counsel. In the first instance, the response by a state's witness was at worst irrelevant. The trial court promptly sustained the objection and charged the jury to disregard the answer. No motion for mistrial was made nor did counsel indicate in any way that he was dissatisfied with the action taken by the court. In the second' instance, appellant objected to a line of inquiry. This inquiry had just been initiated by the state and no information had been developed. Upon an objection, the court allowed the state to show its purpose out of the presence of the jury. The trial court determined that the line of inquiry was improper and curtailed the matter, which was then not presented in the presence of the jury. When the jury was returned, the trial court charged the jury that the line of inquiry had been improper and to disregard the introductory questions. Appellant now asks this court to rule that because nothing was presented to the jury, the charge to disregard would lead to a conclusion that something prejudicial was involved and that the court's

exclusion action amounted to an expression of opinion. Again no motion for mistrial was made nor did appellant in any way express dissatisfaction with the action of the court.

A sustained objection to an improper question, answer, or remark by opposing counsel without a motion for mistrial, will not constitute grounds for reversal especially where the improper matter has been stricken with curative instructions. *Grice v. State,* 224 Ga. 376 (162 SE2d 432); *Moore v. State,* 222 Ga. 748 (6) (152 SE2d 570). As to the alleged statement of opinion by the trial court, we find this to be mere speculation. The duty of an appellate court is to correct errors alleged to have been made in the trial court and not to manufacture them. *Finch v. State,* 138 Ga. App. 668, 672 (226 SE2d 779). We find no error in either of these enumerations.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 11, 1979 — DECIDED OCTOBER 16, 1979.

*David S. Marotte,* for appellant.
*Thomas J. Charron, District Attorney, J. Stephen Schuster, Assistant District Attorney,* for appellee.