## 60061. DYSON v. THE STATE.

BIRDSONG, Judge.

Clarence Dyson was convicted of forgery in the first degree, aggravated assault upon a police officer in the execution of his duties, and robbery. Dyson was sentenced to serve concurrently terms of 10 years, 20 years, and 20 years, respectively. He brings this appeal enumerating basically two errors, one dealing with a comment of the trial court assertedly expressing an opinion, and the other with a recharge to the jury. *Held:*

1. In his first enumeration, Dyson complains that the trial court erroneously expressed an opinion to the jury. The facts relating to this enumeration show that immediately after counsel had concluded their closing arguments, the trial court remarked: "Now, Ladies and Gentlemen, I believe we'll take a brief recess, and I anticipate that we may be here for another hour . . ." During the ensuing recess, counsel for appellant moved for a mistrial contending that the remark about another hour amounted to a comment by the trial court that the court expected a quick verdict. However, when the jury returned, the jury was informed by the trial court that whether the jury wished to deliberate further because of the lateness of the hour or to deliberate for only a short while and adjourn for the night or adjourn

immediately for the night rested solely within the wishes of the jury.

At most, we consider the comment of the court to be solicitous of the comfort and welfare of the jury. Even if there could have been any possible inference that the judge was looking for a "quick" verdict, that inference was completely dispelled by the further considerate remarks of the judge that the amount of time utilized by the jury in deliberations and whether to continue or to adjourn for the night rested solely in the discretion of the jury. We find this enumeration to be wholly without merit and bordering on the frivolous. See *Harris v. Harris,* 242 Ga. 201, 202 (249 SE2d 536); *State v. Tuzman,* 145 Ga. App. 481, 483 (243 SE2d 675).

2. In his second enumeration of error, appellant complains that the trial court erred in its recharge to the jury on the question of intent. In its initial charge to the jury, the trial court fully defined the elements of each of the three offenses and pertinent lesser included offenses. In each instance where the element of intent was involved, the court defined the intent involved, i. e., assault, to steal, to defraud, etc. There was no objection to these definitions nor did counsel request further definition. After deliberations had commenced, the jury requested "the legal definition of intent." The trial court gave the jury the definition of intent as requested. However, the court did not include in that charge that the burden of proof still remained upon the state though that placement of the burden had correctly and fully been explained in the original charge. Appellant does not contend that the charge as to intent was incorrect, only that the recharge did not include the burden of proof. The trial court also included in its recharge on the definition of intent a statement that intent could be proved by direct and circumstantial evidence. However, this portion of the charge did not include the admonition that where guilt is based upon circumstantial evidence, the circumstantial evidence must exclude every reasonable hypothesis except that of guilt. Appellant complains that these omissions denied him a full and fair charge.

We reject these contentions for several reasons. In the first place, each of the matters related to "additional" instructions. There is no contention that the trial court did not originally charge fully on intent or burden of proof. Thus, we are faced with a failure not only to seek clarification, but even a failure to request a charge on a collateral matter. Such omission precludes appellate review of the issue. *White v. State,* 243 Ga. 250, 251 (253 SE2d 694); *Hill v. State,* 237 Ga. 523 (228 SE2d 898). Moreover, where the jury, after having been charged fully and properly by the court, returns into court and requests an instruction upon a specific question, it is not error for the court to confine its instruction to the specific point suggested by the jury's

inquiry. *Kimberly v. State,* 4 Ga. App. 852 (4) (62 SE 571). It lies within the court's discretion to recharge the jury in full or only upon the point or points requested by the jury. *Shouse v. State,* 231 Ga. 716, 720 (13) (203 SE2d 537). Lastly, because the appellant's guilt was based solely upon direct evidence, thus precluding the necessity of any charge on circumstantial evidence, a fortiori, it was not error to charge correctly though less than fully upon the legal principles of circumstantial evidence as they apply to the definition of intent. *Vilicic v. State,* 152 Ga. App. 207, 209 (3) (262 SE2d 502). We find no merit in this enumeration of error.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED JUNE 4, 1980 — DECIDED JULY 14, 1980.

*Thomas E. Maddox, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.