60480. PENNEY v. THE STATE.

POPE, Judge.
Ray Michael Penney appeals the revocation of his probation. We affirm.

1. On April 2, 1980 appellant filed a motion to disqualify Judge Asa D. Kelley, Jr., from presiding in this matter. The motion set forth as grounds that Judge Kelley and others had been named as defendants in a federal suit instigated by appellant and others which sought to enjoin Judge Kelley from pursuing a practice of jailing persons accused of probation violations without affording them "a preliminary hearing or bail or a prompt hearing after their arrests." Appellant asserted that as a result of the federal action, Judge Kelley would "be unable to be impartial as a finder of fact and as a sentencing judge in [appellant's] revocation hearing." After hearing arguments by appellant and the State on April 24, Judge Kelley determined that the motion was legally insufficient and dismissed it.

Appellant argues that a judge sitting as a trier of fact and sentencer could not hold the balance nice, clear and true between the State and the accused when the accused had a suit pending against

that judge in another court. "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where . . . he has a personal bias or prejudice concerning a party . . ." Canon 3(C)(1)(a), Ga. Code of Judicial Conduct, 231 Ga. A-5 (Code Ann. Tit. 24 Appen. A). Appellant made no allegation nor showing to the effect that Judge Kelley was in fact influenced adversely toward appellant as a result of the collateral federal action. See *Harris v. Harris,* 242 Ga. 201 (2) (249 SE2d 536) (1978); *Nix v. State,* 236 Ga. 110 (1) (223 SE2d 81) (1976). In our view, the circumstances set forth in appellant's motion did not create, ipso facto, a situation in which the trial judge's impartiality might reasonably be questioned. Therefore, appellant's first enumeration of error is without merit.

2. On April 30, appellant filed a second motion to disqualify in which he alleged that Judge Kelley, in addition to the grounds set forth in his first motion, would "be unable to remain impartial as a finder of fact and as a sentencing judge in the instant proceeding due to animosity caused by being named a defendant in the [federal action.]" Unlike the first motion, this second motion was verified by appellant and accompanied by his affidavit to the effect that Judge Kelley was "mad" about a legal action taken by appellant's counsel on behalf of one of the co-plaintiffs in the federal action and that Judge Kelley was "ready to give [the co-plaintiff] some time." Judge Kelley determined after argument that the second motion, "as a matter of fact," was also legally insufficient. "[W]hen a trial judge in a case pending in that court is presented with a motion to recuse accompanied by an affidavit, the judge's duty will be limited to passing upon the legal sufficiency of the affidavit, and if, assuming all the facts alleged in the affidavit to be true, recusal would be warranted, then another judge must be assigned to hear the motion to recuse. We note also the well-settled rule that it is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious; nor does the simple filing of an affidavit automatically disqualify a judge." *State v. Fleming,* 245 Ga. 700, 702 (267 SE2d 207) (1980).

If we assume the facts in appellant's affidavit to be true, Judge Kelley was angry with appellant's counsel and had threatened to vent that anger on one of counsel's other clients by sending that client to prison. "We do not believe *Fleming* stands for the proposition that allegations of judicial prejudice against counsel based upon events or circumstances occurring outside the ambit of the then pending action are sufficient grounds for disqualification of the judge." *Mann v. State,* 154 Ga. App. 677, 679 (269 SE2d 863) (1980). Therefore, appellant's second motion was *legally* insufficient and was properly

dismissed by the trial court.

3. Appellant served the chief probation officer of the Dougherty Judicial Circuit with a subpoena duces tecum requiring in part that he produce at appellant's probation revocation hearing "all records and petitions to revoke probation in Dougherty County in which the petition to revoke alleged that the probationer had been convicted of D. U. I. within the past two years. . . ." Since such records have been declared confidential and not subject to process of subpoena by statute, the trial court did not err in refusing to admit testimony relating to them. Ga. L. 1956, pp. 27, 35 (Code Ann. § 27-2720). Appellant's third enumeration of error is without merit.

4. Appellant pled guilty to two counts of burglary and was ordered to serve 10 years on probation under the Act for Probation of First Offenders. At a hearing on May 8, 1980 appellant was adjudged to have violated the terms of his probation and was sentenced to serve one year in jail. Although appellant was incarcerated on March 4, 1980, the trial court refused to credit the time appellant spent in jail prior to the hearing toward the one-year sentence imposed.

Appellant contends that since he was not granted a hearing "at the earliest possible date" (Code Ann. § 27-2713), the trial court's failure to give him credit for time served doubly penalized him. However, the issue of credit for time served by probationers incarcerated while awaiting a probation revocation hearing has been decided adversely to appellant in *Dickey v. State,* 157 Ga. App. 13 (276 SE2d 75) (1981). Since the situation presented in *Dickey* is not significantly distinguishable from the situation sub judice, appellant's fourth enumeration is not meritorious.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 17, 1981 —
REHEARING DENIED MARCH 4, 1981. —

*James Finkelstein,* for appellant.
*William S. Lee, District Attorney,* for appellee.