## 61775. CLARKE v. THE STATE.

SHULMAN, Presiding Judge.

Defendant was convicted of the offenses of burglary and rape. We affirm.

Defendant alleges as his sole enumeration of error the trial court's failure to grant him a post-indictment preliminary hearing, properly transcribed. A preliminary hearing was conducted, but defendant was represented by other counsel at that hearing and the tapes of that hearing had been erased. Therefore, defendant's counsel at trial did not have access to the evidence presented at the preliminary hearing. Defendant argues that the trial court's refusal to conduct a second hearing in view of the fact that the prior hearing was

not properly transcribed effectively denied defendant his right to a post-indictment preliminary hearing. That denial, defendant contends, mandates a reversal. We disagree.

"There is no basis under Georgia law for reversing this conviction because of any failure to hold a commitment hearing under Code Ann. Chs. 27-2 and 27-4. 'This court has held on numerous occasions that after indictment and subsequent conviction the lack of a commitment hearing will not be construed as reversible error. [Cits.]' . . . We hold that a preliminary hearing is not a required step in a felony prosecution and that once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing. Finally, in no event will we overturn a conviction on direct appeal or on collateral attack because a commitment hearing was denied appellant." *State v. Middlebrooks,* 236 Ga. 52, 54-55 (222 SE2d 343). See also *Key v. State,* 147 Ga. App. 800 (1) (250 SE2d 527).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Decided June 5, 1981.

*Columbus Gilmore,* for appellant.
*Sam B. Sibley, Jr., District Attorney, Steven L. Beard, Charles R. Sheppard, Assistant District Attorneys,* for appellee.