## 64855. CHADWICK v. THE STATE.

McMURRAY, Presiding Judge.

The state's evidence in this case was that a police officer was directing traffic during and after graduation exercises in front of a county high school. The defendant, driving drunk, nearly ran down the officer before defendant was able to stop his automobile. The officer, after detecting the odor of alcohol on defendant's breath, opened the door of defendant's automobile and told defendant to step out. Defendant pulled a revolver instead.

The officer grabbed the revolver and he and defendant struggled inside the automobile for control of the revolver for several seconds. Defendant then "stomped" on the accelerator and the automobile lurched forward, crossing the centerline. The officer grabbed and turned the steering wheel to avoid an oncoming automobile. Defendant's automobile went off the road, jumped a ditch, nearly turned over and finally came to rest in a pasture.

The officer and defendant continued to struggle for the revolver. In trying to pull the revolver out of defendant's hands, the officer was able to pull defendant out of the automobile. In the process, defendant fired the revolver twice. Once outside the automobile the officer succeeded in taking the revolver away from defendant, but it was only after being struck with the revolver twice in the head did defendant give up the fight.

Defendant was indicted, tried and convicted of aggravated assault upon a peace officer and driving uner the influence. The trial court sentenced him to twenty years, to serve twelve. Defendant now asserts four enumerations of error on this appeal. *Held:*

1. The first three enumerations of error raise the general grounds. The evidence was sufficient to enable a rational trier of fact to reasonably find from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offenses of aggravated assault upon a peace officer and driving under the influence. *Rachel v. State,* 247 Ga. 130, 131 (1) (274 SE2d 475); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

2. Defendant also challenges the trial court's denial of his motion for new trial brought on the grounds of juror misconduct. At the motion for new trial hearing the defendant contended there were two instances of jury misconduct in this case. One juror went to the scene of the crime the night before the verdict was reached and reported his/her observations to the other jurors the next morning, prior to the reaching of the verdict. Another juror commented, assertedly on the basis of a personal experiment, on defense evidence that the revolver had slipped off the automobile seat.

A similar challenge was raised in *Watkins v. State,* 237 Ga. 678, 683-685 (229 SE2d 465). In that case, two jurors made an unauthorized visit to the scene of the crime during the course of the trial to gauge how much time it took to drive from there to the defendant's home. They then reported their findings to the full jury. The Supreme Court held that under those circumstances the rule that jurors cannot impeach their own verdict (see Code § 110-109) was inapplicable and found the juror misconduct on the part of one of the jurors, raised after the trial, to be reversible error. The Supreme Court found that in the instance of the other juror, raised at trial before verdict, the rule prohibiting jurors from impeaching their verdict had no application to this instance. The theory behind the holding was that the jurors in effect had become unsworn witnesses against the defendant in violation of the Sixth Amendment. *Watkins v. State,* 237 Ga. 678, 684, supra.

The Supreme Court, however, did not fashion a broad rule in *Watkins.* It was careful to reaffirm that the rule prohibiting jurors from impeaching their own verdict was the general rule and it was only made inapplicable by "the intentional gathering of extra judicial evidence, highly prejudicial to the accused, by members of the jury and the communication of that information to the other jurors in the closed jury room." We find that the court's inclusion of the words "highly prejudicial" in that sentence, taken together with the fact that the evidence gathered by the jurors "explained a critical time lapse in the sequence of events surrounding the alleged crime," Id. at 683, distinguishes the case sub judice from *Watkins.*

In this case, the testimony of the eight available jurors at the motion for new trial hearing showed that none of the jurors could remember which of the jurors had gathered and reported the information or what the jurors had said, except in vague generalities. Moreover, each of the jurors testified that the verdict was based entirely on the evidence adduced at trial and was not influenced by any extrajudicial information. We, therefore, find that the contended juror misconduct in this case was not so prejudicial to defendant as to constitute reversible error. *Watkins v. State,* 237 Ga. 678, supra. The testimony of the jurors at the hearing convinces us that there is no "reasonable possibility that the improperly admitted evidence contributed to the conviction [and] reversal is not required." Schneble v. Florida, 405 U. S. 427, 432 (92 SC 1056, 31 LE2d 340). See *Johnson v. State,* 238 Ga. 59, 60-61 (230 SE2d 869) ("highly probable test" for determining whether nonconstitutional error was harmless). See also *Momon v. State,* 249 Ga. 865 (294 SE2d 482).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 22, 1982.

*Jeffrey R. Sliz,* for appellant.
*Rafe Banks III, District Attorney,* for appellee.