## 67259. TAYLOR v. THE STATE.

McMurray, Chief Judge.

Defendant appeals his conviction and sentence for possession of more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. *Held:*

1. Defendant enumerates as error the denial of his motion for a directed verdict of acquittal. The state's evidence discloses the following facts: In the execution of a search warrant for drugs at defendant's residence, no drugs were found in the search of his house, but when the officers searched a green, four door, Plymouth automobile which was parked in defendant's yard located about 50 or 60 feet from his house they found a grocery bag. Inside the grocery bag was a clear plastic bag and a Farm Pride bread bag, both containing a green leafy material which later tested to be 7.17 ounces of marijuana. At the scene and at trial, defendant denied having any knowledge of the presence of the marijuana in the trunk of the automobile.

"In Georgia, where exclusive possession of an automobile is shown, the presumption is that the owner has possession of the property contained therein. This presumption is rebuttable and does not apply if it can be shown that a defendant has not been in possession or control for a period before discovery of contraband or where others have had equal access to the automobile. [Cit.]" *Ledesma v. State,* 251 Ga. 487 (1) (306 SE2d 629). Here, defendant's entire defense rested upon a theory of equal access to the automobile by others. The green Plymouth automobile had been purchased by defendant approximately two months before the arrest. There was testimony by defendant that he had been driving the automobile for only two or three months and that during the month of February, several named individuals had borrowed it from him. However, an investigator testified that he had seen the defendant driving the automobile for two or three years and that the only other person he had ever seen driving the automobile, besides the defendant, was a certain young female (defendant's girl friend). There was also testimony by the defendant that on the day of his arrest, he had driven his white flatbed truck to his mother's and dad's farm (in Noble, Georgia) where he had been working all day cutting wood. He testified that he did not know the whereabouts of his green Plymouth

automobile during this time, stating that he knew only that "[t]he car was there [at defendant's house in Kensington, Georgia] Monday evening [February 28, 1983] when [my girl friend and] I got there [to defendant's Kensington, Georgia home] from Mother's [referring to his mother's farm in Noble, Georgia]." Investigator Caldwell, however, testified that he patrolled the vicinity of defendant's residence several times during the afternoon of February 28, 1983, and that on each of these patrols, the defendant's white flatbed truck was parked in his yard, but that the green Plymouth automobile was not. Moreover, there was testimony by the defendant that when Investigator Caldwell inquired as to the location of his trunk key, he responded that "it was at Michael Joe Morrison's mother's house, on the refrigerator top." The investigator, however, testified that defendant told him that his trunk key was at his mother's (in Noble, Georgia). "It is for the trier of fact, in this case the jury, to judge the credibility of witnesses and to weigh their testimony. [Cit.]" *Ledesma v. State,* 251 Ga. 487, supra. Here, the green Plymouth automobile was purchased by the defendant (although not titled in his name) and was in his immediate and exclusive control at the time the marijuana was discovered. To this end, the evidence shows that the marijuana was found in the trunk of the green Plymouth automobile which was parked in defendant's yard located about 50 or 60 feet from his house. The jury decided that he had possession. The evidence authorized the defendant's conviction and did not demand an acquittal. See *Ledesma v. State,* 251 Ga. 487, supra; *Chambers v. State,* 162 Ga. App. 722 (1), 723 (293 SE2d 20). See generally *Nixon v. State,* 139 Ga. App. 48 (228 SE2d 21); *Tamez v. State,* 148 Ga. App. 307, 308 (1) (251 SE2d 159). Furthermore, we find no error in the giving of a charge on the rebuttable presumption of ownership of the marijuana, especially, here, in light of the fact that the trial court charged the jury that they were *"permitted, but not required"* (emphasis supplied) to find such a presumption. See *Chambers v. State,* 162 Ga. App. 722, supra; *Moore v. State,* 155 Ga. App. 149, 150-151 (1) (270 SE2d 339); *Bradley v. State,* 137 Ga. App. 670 (1) (224 SE2d 778).

2. Approximately one hour after having retired to the jury room to deliberate its verdict, the jury sent the following written question to the court: "We'd like the charge by the judge read regarding the responsibility of possession when more than one person is involved in driving the car." In response to this request, the trial judge recharged some of the original instructions and also added two additional charges. It is defendant's contention that the trial court committed reversible error by giving these additional instructions to the jury because OCGA § 5-5-24 (b) (formerly Code Ann. § 70-207 (b)) provides in part: "The court shall inform counsel of its proposed

action upon the requests [for instructions] prior to their arguments to the jury . . ." Moreover, defendant contends that the trial court compounded the error by denying his requests for an opportunity to argue to the jury concerning these additional instructions. Defendant's contention is without merit.

In *Evans v. State,* 146 Ga. App. 480, 481 (246 SE2d 482), this court stated: "As there are no criminal cases directly on this point in Georgia, this court may seek guidance from the federal decisions. This is because Code Ann. § 70-207 (b) [now OCGA § 5-5-24 (b)] is an adoption of Rule 51 of the Federal Rules of Civil Procedure and is very similar to Rule 30 of the Federal Rules of Criminal Procedure. The note to Rule 30, as prepared under the direction of the advisory committee, states that is seemed appropriate that on a point such as instruction to juries there should be no difference in procedure between civil and criminal cases."

It seems to be a general proposition that the necessity, extent, and character of any supplemental instructions to the jury are matters within the sound discretion of the trial court. See United States v. Braverman, 522 F2d 218, 224 [15] (7th Cir. 1975); United States v. Jackson, 482 F2d 1167, 1177 [21] (10th Cir. 1973). As one federal court stated, and with which we agree, "our review is limited to determining whether that discretion was abused, taking into account the sensitive nature of the judge's responsibility at this stage of the trial and the duty of the trial judge to provide impartial and effective guidance on the law for the jury to follow in its deliberations." United States v. Giacalone, 588 F2d 1158, 1165-1166 [5] (6th Cir. 1978). Reviewing the two additional instructions on parties to a crime and prosecution of parties who did not directly commit the crime, in this light, we do not believe that the court exceeded its discretion in giving them. The Supreme Court has noted that "[w]hen a jury makes explicit its difficulties a trial judge should clear them away with concrete accuracy." Bollenbach v. United States, 326 U. S. 607, 613 (66 SC 402, 405, 90 LE 350) (1946). In the case sub judice, the trial court, realizing that these additional instructions were necessary to clear up the uncertainties which the jury had, included them in its recharge. Since the recharge was not only warranted by the evidence but also legally accurate and not confusing or misleading as to amount to an abuse of discretion, we find no error. Moreover, we find that the defendant was not prejudiced as a result of the trial court's denial of his requests to argue to the jury concerning these additional instructions. See United States v. Giacalone, 588 F2d 1158, 1165-1166 [5] (6th Cir. 1978), supra; United States v. Castenada, 555 F2d 605, 611-612 [9], [10, 11] (7th Cir. 1977).

3. Defendant enumerates as error the trial court's failure to give a certain written instruction on the equal access rule as requested by the defendant. Instead, the trial court charged: "I charge you, ladies and gentlemen, that if you find that a person owns an automobile, you will be permitted, but not required to presume that such person is in possession of the entire automobile, and all the property thereon or therein. However, this is a rebuttable presumption, and may be overcome by evidence in the case that others had access to the automobile. Whether or not this presumption is drawn from the proof that a person is the owner of an automobile, and whether or not the presumption, once it is drawn, has been overcome by proof that others had access to the automobile are questions for the jury alone. I further charge you in that connection, that if you find that the automobile was used by others, with the defendant, such evidence would not alone authorize a conviction, but such a fact, if it is a fact, should be considered by the jury together with all of the evidence in the case in passing upon the guilt or innocence of the defendant." A reading of the charge here shows that the court, in its instructions, gave in substance the language of defendant's written requests to charge on the equal access doctrine. We find no reversible error in the failure of the court to give the verbatim requests to charge. See *Moore v. State,* 155 Ga. App. 149, 152 (4), supra.

4. Defendant contends the trial court erred by refusing to grant his motion for mistrial based upon a certain question propounded to the defendant by the assistant district attorney which defendant claims was calculated to prejudice his right to a fair trial. At trial, on cross-examination, the following colloquy between the assistant district attorney and the defendant took place: "Q. Your friend's garage in Rossville, who would that be? A. Doug Morrison. Q. Is that the Rappers Motorcycle Clubhouse up there?" Defendant contends that the mention of the name "Rappers Motorcycle Clubhouse" was a calculated attempt to put defendant's character in issue. However, there is simply no evidence in the record to support defendant's contention. Moreover, the trial judge complied with the defense counsel's requests and gave curative instructions. Therefore, it was highly probable that even if this was error, it did not contribute to the verdict. See *Johnson v. State,* 238 Ga. 59, 60-61 (230 SE2d 869).

5. Defendant contends that the trial court erroneously denied his motion to suppress evidence seized during the search of defendant's green Plymouth automobile because the search warrant was obtained by a legally insufficient affidavit. We find no error.

In the case sub judice, on Monday, February 28, 1983, at approximately 3:15 p.m., Chief Deputy Sam Haskett of the Walker

County Sheriff's Department made an affidavit for a search warrant to search defendant's residence. The affidavit stated, in part, that "Chief Haskett was told by Inv. Caldwell and Inv. Smith that *late Friday evening* a purchase was made from David Taylor, which consisted of 2 hits of acid for the price of 6.00 . . ." (Emphasis supplied.) Defendant argues, in essence, that Chief Haskett's failure to specify in the affidavit on what Friday the purchase was made precludes a finding of probable cause since it might have been any previous Friday and not necessarily the immediately preceding Friday. However, here, in light of the fact that the affidavit was sworn to and subscribed before the issuing justice of the peace on Monday, February 28, 1983, we feel that the language of the affidavit, read in a common sense fashion, refers to the immediately preceding Friday. See *Driscoll v. State,* 129 Ga. App. 702, 704-705 (2) (201 SE2d 11); *Devier v. State,* 247 Ga. 635, 639 (7) (277 SE2d 729). This three-day lapse from the time when the informer last observed a sale of acid and observed pills until the time when the warrant was issued does not render the informer's tip "stale." See *Tabb v. State,* 250 Ga. 317, 322-333 (2 (b)) (297 SE2d 227). The information before the magistrate authorized him to find probable cause for a search of defendant's house and car on February 28, 1983. Accordingly, this enumeration is without merit.

6. Defendant contends that he was denied a preliminary (or commitment) hearing in violation of his constitutional rights. The record shows that the commitment hearing which had been scheduled in this case was continued by an agreement between the defendant's appointed counsel and the prosecuting attorney so that another witness could be obtained. However, before the hearing could be held, the Walker County Grand Jury returned a true bill of indictment against the defendant. Defendant asserts that the trial court's failure to afford him a preliminary hearing under these circumstances deprived him of his constitutional rights, specifically: (1) his right to counsel and (2) his right to effective assistance of counsel. Our Supreme Court has held "a preliminary hearing is not a required step in a felony prosecution and that once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing. Finally, *in no event* will we overturn a conviction on direct appeal or on collateral attack because a commitment hearing was denied [defendant]." (Emphasis supplied.) *State v. Middlebrooks,* 236 Ga. 52, 55 (2) (222 SE2d 343). See also *Sims v. State,* 148 Ga. App. 733 (1) (252 SE2d 910); *Clarke v. State,* 158 Ga. App. 749, 750 (282 SE2d 1); *Parrish v. State,* 160 Ga. App. 601, 604-605 (4) (287 SE2d 603). Accordingly, this enumeration has no merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

Decided February 15, 1984.

*W. Ralph Hill, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, David J. Dunn, Jr., Herbert E. Franklin, Assistant District Attorneys,* for appellee.