67686. MADDOX v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of rape and appeals on the general grounds. He also contends the trial court erred by recharging the jury on one aspect of rape without reading the entire statute on rape.

1. In regard to the general grounds, we have examined the entire transcript and find the evidence more than sufficient to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant contends the trial court erred by recharging the jury on one aspect of rape without recharging the entire statute on rape. This enumeration of error is not supported by the transcript.

During its deliberations on the verdict the jury returned to the courtroom and asked the trial court to again give the jury the definition of rape. The court then read the statute defining rape (OCGA § 16-6-1) verbatim, excluding only that portion of the statute setting forth the punishment authorized for a person convicted of rape. The jury then asked if a person could initially consent to having sexual intercourse and then withdraw that consent. The trial court responded to this question by telling the jury that at the time of carnal knowledge as referred to in the statute, for there to be rape it must at that time be done forcibly and against the will of the victim, if there is a victim. Appellant argues that the court's response emphasized one aspect of rape, thereby encouraging the jury to return a verdict of guilty of rape. This argument is without merit.

The trial court's statement was in direct response to a question by the jury. Where the jury, after being charged by the court, returns to court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point of

the jury's inquiry. It is within the court's discretion to recharge the jury in full or only upon the point or points requested. *Shouse v. State*, 231 Ga. 716, 720 (13) (203 SE2d 537) (1974); *Williams v. State*, 151 Ga. App. 765, 766 (1) (261 SE2d 487) (1979).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED APRIL 3, 1984.

*Charles D. Newberry*, for appellant.

*Joseph H. Briley, District Attorney, Norman R. Miller, Assistant District Attorney,* for appellee.