## 67525. TUCKER v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of voluntary manslaughter. On appeal he contends the trial court erred (1) by admitting appellant's tape-recorded statement into evidence; (2) by limiting appellant's cross-examination of state witnesses about a crime laboratory report; (3) by refusing two of his requests to charge relating to an inference of innocence; and (4) by recharging the jury on the definitions of murder, voluntary manslaughter and involuntary manslaughter without recharging the definitions of legal defenses.

1. After three days and nights of drinking and arguing, William Dinsmore hit appellant in the head with a brick. Appellant then stabbed Dinsmore, who died as a result of the stabbing. After acknowledging at the scene that he was the person who had stabbed Dinsmore, appellant was arrested and charged with murder. The following morning Captain A. L. Davis of the Austell police department fully advised appellant of his Miranda rights (Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694)). Appellant stated he understood his rights and signed a waiver of rights form with an "X." Davis then asked appellant if he wanted to talk to him (Davis) without an attorney being present, and appellant stated: "Well, it's no use." Davis told appellant it was up to him, and again asked appellant if he wanted to talk to Davis; appellant said yes, and his statement was tape-recorded. Appellant, relying on Edwards v. Arizona, 451 U. S. 477 (101 SC 1880, 68 LE2d 378), argues that the statement "[w]ell, it's no use," was a request for counsel and, therefore, appellant's tape-recorded statement was inadmissible. We do not agree.

In Edwards, the defendant made a specific request for counsel. Here, the exact meaning of appellant's statement is unclear and is subject to differing interpretations. Therefore, it cannot be stated unequivocally that appellant's statement was a request for counsel, because immediately thereafter appellant stated he wanted to talk to Davis. Since it is not disputed that appellant was advised fully of his rights and stated that he understood them, and no threats, promises

or coercion were used, the only question is whether appellant knowingly and intelligently waived his right to counsel. Appellant argues that because of his lack of education and being in a dazed condition, he could not make a knowing and intelligent waiver. Davis testified in this regard that while appellant could not read and write, he understood his rights. He was not intoxicated, although he was intoxicated at the time of the killing, and appellant's only confusion related to his recollection of specific facts surrounding the killing. This confusion or lack of memory was a result of appellant's intoxication, although he clearly remembered stabbing Dinsmore after he struck appellant with a brick.

The only evidence before the court was the testimony of Davis. Factual and credibility determinations as to voluntariness of a confession are normally made at a suppression hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. *Griswold v. State,* 159 Ga. App. 22, 23 (1) (282 SE2d 679) (1981). We find nothing erroneous in the trial court's findings of voluntariness, for even treating appellant's initial statement as a request for counsel, waiver is possible where such a request is equivocal, as it was here. Nash v. Estelle, 597 F2d 513 (5th Cir. 1979).

2. Appellant contends it was error to limit his cross-examination of Captain Davis and Dr. Hanzlick, who conducted an autopsy of the victim, about a crime lab report showing the drug and alcohol content in the victim's blood and urine. This enumeration is without merit.

Captain Davis and Dr. Randy Hanzlick, the physician who conducted the autopsy on Dinsmore, appeared as state witnesses. Both Davis and Dr. Hanzlick had received copies of the state crime lab report showing test results on blood and urine specimens from Dinsmore's body. Although the lab report was not introduced in evidence, appellant attempted to cross-examine Davis and Dr. Hanzlick about test results shown in the lab report. The state's objection to such cross-examination was sustained on the ground that the report was not in evidence and testimony relating thereto was hearsay. Appellant contends it was error to limit cross-examination relating to the report because it was a business record made in the regular course of business and, thus, was admissible as an exception to the hearsay rule.

Pretermitting the question of whether the report was a business record, Davis had been allowed to testify earlier, without objection, that the test results from the crime lab showed that Dinsmore's blood alcohol content was .41 grams per cc of blood. Davis was also allowed to read verbatim the lab report setting forth the results of the test on Dinsmore's urine specimen, which was negative for drugs. Thus, the test results as shown on the lab report were already before the jury and any alleged error resulting from limitation of further cross-examination on this issue was harmless.

3. Appellant contends the trial court erred by refusing his requests to charge 18 and 19, to the effect that a presumption of innocence arises from the lack of flight and lack of concealment of the instrumentality of death. The requested charge on lack of flight was not a correct statement of the law, because absence of flight by a defendant is irrelevant and inadmissible as evidence of innocence. *Adams v. State*, 130 Ga. App. 323, 324 (3) (203 SE2d 318) (1973). For the same reason the fact that appellant did not conceal the knife is irrelevant as evidence of innocence where, as here, appellant readily admitted stabbing the victim. Hence, the trial court did not err by denying these requests to charge.

4. Lastly, appellant contends the trial court erred by recharging the jury, upon their request, on the definition of murder, voluntary manslaughter and involuntary manslaughter without also recharging the definition of legal defenses. This enumeration is without merit.

Where the jury, after being charged by the court, returns to court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific points of the jury's inquiry. It is within the court's discretion to recharge the jury in full or only upon the point or points requested. *Shouse v. State*, 231 Ga. 716, 720 (13) (203 SE2d 537) (1974); *Williams v. State*, 151 Ga. App. 765, 766 (1) (261 SE2d 487) (1979).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED APRIL 10, 1984 —
REHEARING DENIED MAY 3, 1984 —

*A. Harris Adams*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Jack E. Mallard, Assistant District Attorneys,* for appellee.