### 22765

The STATE, Respondent v. William Gene KIMBRELL, Appellant.

(359 S. E. (2d) 62)

Supreme Court

*Asst, Appellate Defender Joseph L. Savitz, III,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Solicitor William L. Ferguson,* York, *for respondent.*

Submitted March 17, 1987.

Decided Aug. 10, 1987.

*Per Curiam:*

Appellant was convicted of trafficking in marijuana and trafficking in cocaine. We affirm.

At trial, appellant attempted to introduce evidence that while waiting for a bond reduction hearing, he did not try to escape from the custody of law enforcement officials, even though he had an opportunity to do so. Appellant claims that the trial court should not have excluded this testimony because it was evidence tending to show he was innocent.

We hold that evidence showing an accused did not escape, even though he had the opportunity to do so, is irrelevant to the issue of guilt or innocence, and inadmissible. This holding is in accord with the rule applied in other jurisdictions which have addressed this issue. *See Tucker v. State,* 170 Ga. App. 782, 318 S. E. (2d) 147 (1984); *State v. Wilcox,* 132 N. C. 1120, 44 S. E. 625 (1903); 29 Am. Jur. (2d) *Evidence* § 287 (1967); 22A C. J. S. *Criminal Law* § 631 (1961); *Wharton's Criminal Evidence* § 154 (14th ed. 1985).

Appellant's second exception was not argued in his brief and is deemed abandoned. *State v. Sullivan,* 277 S. C. 35, 282 S. E. (2d) 838 (1981). His remaining exception is without merit and is disposed of under Supreme Court Rule 23. Accordingly, appellant's convictions are

Affirmed.