## 44875. HUFF v. THE STATE.
(365 SE2d 430)

BELL, Justice.

The appellant, Bobby Huff, was convicted of the malice murder, rape, and kidnapping with bodily injury of his eleven-year-old niece, and received three consecutive life sentences. He appeals, and we affirm.[1]

The appellant and the victim lived in the Douglas, Georgia, area. On the evening of June 23, 1986, the appellant drove to the neighborhood where his niece lived. The victim, who had been playing outside, got into his car and drove away with him in the direction of a nearby convenience store. According to the appellant, the victim had asked him to give her a ride to the store. He claimed that he in fact dropped her off at the store, but an eyewitness testified that he saw the appellant drive past the store without stopping. The witness said that he entered the store shortly thereafter, but did not see the victim there. An employee of the store testified for the defense that a second employee had told her that he saw the victim get out of a small blue car,

---

[1] The victim disappeared on June 23, 1986, and her body was found the following morning. Huff was indicted on July 11, 1986, and was convicted by a jury on all three counts on February 28, 1987. The state sought the death penalty on the malice murder count, but the jury returned a verdict imposing a life imprisonment for that offense. The sentence for the three crimes was filed March 2, 1987. On March 30 Huff filed a motion for new trial, which was denied on June 12, 1987. The notice of appeal was filed on July 6, 1987, and the record was docketed in this court on July 23, 1987. The appeal was argued on September 22, 1987.

after which she said hello to him. The first employee said that she could not state that the second employee had been working at the store when the appellant and the victim were in the vicinity of the store, but she said the second employee was usually there during the time of evening in question. However, the second employee denied having told the first employee that he had seen a blue car dropping off the victim. The second employee testified that he had seen the victim that day, but several hours earlier than the period after the appellant had picked up the victim, and swore that he had not worked at the store as late as that period. Moreover, it is undisputed that the appellant's car was a green Chrysler Cordoba, not a small blue car.

The victim's body was found the following morning in a wooded area near a pond. She had been strangled. No seminal fluid was found in her vagina. However, there were bloodstains on the crotch of her shorts and panties, blood within her vagina, tears in her vagina from the insertion of some object, and spermatozoa on her panties. Some bloodstained paper napkins were found 200 yards away on the opposite side of the pond. Later analysis showed that the bloodstains were of Types O and A, whereas both the appellant and the victim were of Type A.

There was testimony that the appellant had left home on June 23 wearing a clean white t-shirt which did not have any holes, but returned home shirtless. The t-shirt, torn, bloodied, wet, and smelling of pond water, was later found in his trunk. The appellant claimed that the shirt had been torn and dampened with sweat as he changed a flat tire on his car. However, there were no witnesses to support his claim that he had changed a tire, and all four wheels on his car matched when the car was inspected early on June 24, whereas the spare, which did not match the other four, showed no signs of recent use. As to the blood on the shirt, the appellant asserted that the blood had come from a cut on his arm. A witness for the defense testified that he had seen the appellant fall on June 23, causing a cut which was more than a scratch and bled "pretty good," but a police officer who observed the appellant early on June 24 testified that the only injury she observed on the appellant's arm was a scratch that appeared to be an older scratch which was already healing.

1. The appellant's first three enumerations concern the sufficiency of the evidence to support his convictions. His argument relies on the fact that the evidence is circumstantial. In particular, he asserts that the presence of the bloodstained paper napkins suggests the presence of a third person at the scene and thereby establishes a reasonable hypothesis that the third person committed the crimes. See OCGA § 24-4-6. However, after carefully reviewing the evidence in the light most favorable to the jury's determination, we conclude that

a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the crimes of malice murder, rape, and kidnapping with bodily injury. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Smith v. State*, 257 Ga. 381 (359 SE2d 62) (1987).

2. The appellant contends that the court erred in denying his motions to suppress evidence which he claims was seized from his car and residence without a warrant and probable cause. We find no error.

a. After holding a hearing on the motions, the trial court found that the items obtained from the defendant's residence had been turned over to the police by the defendant's wife, who shared his residence (these findings are not disputed by the appellant), and that the items therefore had been properly received by the police. We agree.

"[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." (Fn. omitted.) *United States v. Matlock*, 415 U. S. 164, 171 (94 SC 988, 39 LE2d 242) (1974). Accord *Cargill v. State*, 255 Ga. 616, 641 (29) (340 SE2d 891) (1986).

b. The court further found that the evidence seized from the appellant's car had been obtained during three searches of the vehicle. As to the first two searches, the court concluded that they had been conducted with the consent of the defendant. The evidence supports this ruling, and we find no error. *Foshee v. State*, 256 Ga. 555 (4) (350 SE2d 416) (1986).

c. Assuming without deciding that the third search of the car was improper, any error in denying the motion to suppress the items obtained from this search was harmless, because none of the items was admitted into evidence at trial.

3. The appellant's remaining enumerations consist of his contentions that the court erred by overruling certain of his objections that the state was improperly impeaching its witnesses and was introducing inadmissible hearsay. These contentions have no merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 10, 1988 —
RECONSIDERATION DENIED MARCH 30, 1988.

*Hudson & Solomon, James D. Hudson,* for appellant.
*Harry D. Dixon, Jr., District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for

appellee.