## 53143. DORSEY v. THE STATE.

Webb, Judge.

1. The oral motion to suppress, or objection to evidence, on the ground that the items introduced were seized without probable cause, was procedurally defective and shows no cause for reversal. Code Ann. § 27-313 (b); *Graves v. State,* 135 Ga. App. 921 (219 SE2d 633) (1975).

2. Defendant's statement to the sheriff that he had gotten the radio "out of Guess Plumbing," the burgled premises, was direct evidence as to his guilt, and no reversible error appears in the failure of the court to charge on circumstantial evidence without request therefor and in the absence of objection to the failure. *Wilson v. State,* 152 Ga. 337 (1) (110 SE 8) (1921); *Johnson v. State,* 235 Ga. 486 (3) (220 SE2d 448) (1975).

3. "While present law exempts the defendant in a

criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207) this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Spear v. State,* 230 Ga. 74 (1) (195 SE2d 397) (1973). Accord, *Thomas v. State,* 234 Ga. 615 (216 SE2d 859) (1975).

Judged by this standard, we find no merit with respect to other unobjected-to omissions to give in charge unrequested instructions.

4. The relief which Enumeration 7 asserts that the court below should have granted was not sought at trial, and the matter may not be raised for the first time here. *Newberry v. State,* 126 Ga. App. 81 (2) (189 SE2d 891) (1972).

5. The evidence, including the defendant's admission or confession that he had gotten the missing radio found in his possession from the burgled premises, was quite sufficient to support the verdict of guilty of burglary.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

Submitted January 5, 1977 — Decided January 20, 1977.

*Cheryle T. Bryan,* for appellant.
*Thomas H. Pittman, District Attorney, Fred W. Rigdon, Jr., Assistant District Attorney,* for appellee.