## 63862. BRANNON v. THE STATE.

POPE, Judge.
Gary Brannon appeals his conviction of simple battery. *Held:*

1. The trial portion of this case was not reported. However, a court reporter was summoned to report Brannon's motion for mistrial made after the jury had been charged and recharged but before a verdict had been rendered. Brannon contends that the trial court erred in conferring ex parte with the jury foreman at the bench. Neither the state nor the defense was privy to this conference. The conference occurred after the trial court had given an Allen charge and recharged the jury for a second time on simple battery and the defense of justification. The jury foreman asked to approach the bench and the court acquiesced, stating that it was highly unusual to do so. Following the conference, the court again recharged on simple battery and on justification. The foreman then indicated that the jury still had a question regarding the law in the case, whereupon the court "enlarged" upon the charge by reciting certain material from two cases.

The trial court should not speak to one or more of the jurors in a case out of the hearing of the parties and their attorneys. *Barraza v. State,* 149 Ga. App. 738 (2) (256 SE2d 48) (1979). "But even where

there is such an irregularity, it must appear to have been prejudicial to the complaining party, or of such a nature that injury will be presumed. . . ." *Gibson v. Gibson,* 54 Ga. App. 187, 190 (187 SE 155) (1936). Brannon argues that he was denied due process by being excluded from the conference. He also alleges harm because the conference disrupted the "orderly" conduct of the trial. The subject conference was not of such a nature that some harm to Brannon will be presumed. Rather, the circumstances surrounding the conference compel the conclusion that the sole purpose thereof was to elicit further instructions on the law in the case. In our view, it is highly probable that Brannon was not prejudiced by this irregularity. See *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

2. Brannon also enumerates as error the trial court's reading excerpts to the jury from cases which had been read to the jury by the state during its closing remarks. These supplemental instructions were not requested by either party but were given by the court in an apparent effort to clarify the law in the case for the jury. In support of this enumeration Brannon cites a principle utilized by the U. S. Court of Appeals for the Fifth Circuit, that "when the jury requests further instructions on points which are favorable to the Government, the trial judge should repeat instructions favorable to the defense where the requested instructions taken alone might leave an erroneous impression in the minds of the jury." United States v. Carter, 491 F2d 625, 634 (5th Cir. 1974). This sound principle has been applied by this court (see *Maddox v. State,* 152 Ga. App. 384 (3) (262 SE2d 636) (1979); *Bennett v. State,* 108 Ga. App. 881 (134 SE2d 847) (1964)), and we commend it to the trial courts of this state.

In the case at bar, however, we have no portion of the charge before us. See Code Ann. § 6-805 (b), (j). Therefore, we are unable to review the merits of this enumeration of error. See *Frasier v. State,* 160 Ga. App. 812 (3) (287 SE2d 669) (1982); *Stephens v. State,* 156 Ga. App. 859 (1) (275 SE2d 758) (1980).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 7, 1982.

*Albert F. Burkhalter, Jr.,* for appellant.

*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.