## 66013. DYER v. THE STATE.

CARLEY, Judge.

Appellant was indicted and tried for murder and convicted of voluntary manslaughter. He appeals from the conviction and sentence entered thereon.

1. Appellant contends that it was error for the trial court to charge the jury on voluntary manslaughter. The evidence shows the following: Appellant lived with his mother and stepfather, the victim. On June 27, 1982, they were visited by appellant's sister and her children. Appellant, his sister, and the victim began drinking vodka. At one point, appellant's sister struck her eight-year-old son in an effort to discipline him. Apparently angered by this act of discipline, the victim pushed appellant's sister and began beating her about her face and head. Hearing the commotion, appellant came out of his bedroom and saw the victim hitting his sister. Words were exchanged between appellant and the victim. Appellant testified that the victim then went to the door and locked it, and advanced toward appellant with a bottle, threatening to beat appellant's "brains out with it." Appellant alleged that he shot the victim once in the shoulder, but the victim came at him twice more. However, appellant's sister testified that after the victim stopped beating her, it was "just a second" before she heard a shot and saw her brother with a gun in his hand. One of the three shots fired by appellant struck the victim's heart, and caused his death.

OCGA § 16-5-2 (Code Ann. § 26-1102) provides the following: "A person commits the offense of voluntary manslaughter when he causes the death of another human being under circumstances which would otherwise be murder and if he acts solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person ...." " 'On the trial of a murder case, if there is any evidence to create a doubt, however slight, as to whether the offense is murder or voluntary manslaughter, instructions as to the law of both offenses should be given.' " *Ward v. State,* 151 Ga. App. 36, 37 (258 SE2d 699) (1979). See *Holmes v. State,* 162 Ga. App. 717 (293 SE2d 16) (1982). Following a careful review of the evidence in this case, we find there was sufficient evidence to authorize a charge on voluntary manslaughter. See generally, *Lightsey v. State,* 160 Ga. App. 62 (286 SE2d 41) (1981); *Paynter v. State,* 164 Ga. App. 391 (297 SE2d 327) (1982).

2. Appellant enumerates as error the trial court's failure to give certain jury instructions on the principle of impeachment. The instructions were not requested and the failure to give them was not

raised in the trial court. The charge which was given by the trial court on impeachment was a correct statement of law and substantially complied with the language of OCGA § 24-9-85 (Code Ann. § 38-1806). Having failed to request additional instructions at trial on impeachment or to object in the trial court to the failure to give such instructions, appellant may not now assert in this court that the trial court erred in failing to give additional instructions, unless the omission was clearly harmful as a matter of law in that it failed to provide the jury with the proper guidelines for determining guilt or innocence. *Dorsey v. State,* 141 Ga. App. 68, 69 (232 SE2d 405) (1977). "Judged by this standard, we find no merit with respect to other unobjected-to omissions to give in charge unrequested instructions." *Dorsey v. State,* supra at 69. See also *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859) (1975).

3. Appellant finally asserts that it was error for the trial court, when asked by the jury for a recharge on voluntary manslaughter, not to also recharge on justifiable homicide.

"Where the jury, after having been charged by the court, returns into court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry. [Cits.] It is within the court's discretion to recharge the jury in full or only upon the point or points requested. [Cits.] . . . The jury asked for a charge upon a specific point and the jury was charged upon that point. The jury was specifically reminded to recall and apply all the other instructions of the court. This was sufficient to satisfy the requirements of the law." *Williams v. State,* 151 Ga. App. 765, 766 (261 SE2d 487) (1979).

*Brannon v. State,* 163 Ga. App. 340 (295 SE2d 110) (1982), relied upon by appellant, is distinguishable from *Williams* and the instant case. In *Brannon,* this court recommended that " 'when the jury requests further instructions on points which are favorable to the Government, the trial judge should repeat instructions favorable to the defense where the requested instructions *taken alone might leave an erroneous impression in the minds of the jury.* [Cit.]' " (Emphasis supplied.) There is absolutely no indication in the instant case that the requested instruction would leave an erroneous impression in the minds of the jury. The jury specifically stated that they needed a recharge on the definition of manslaughter. Furthermore, unlike the situation in *Brannon,* the trial court in the instant case specifically instructed the jury "to consider that charge [voluntary manslaughter] along with all the other charges previously given." *Williams v. State,* supra at 766. Accordingly, the trial court's failure to recharge the jury on justifiable homicide did not constitute error.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JUNE 16, 1983 —
REHEARING DENIED JULY 6, 1983

*Jerry Westbrook,* for appellant.
*David L. Lomenick, District Attorney, Ralph L. Van Pelt, Jr., Virginia R. B. Harmon, Assistant District Attorneys,* for appellee.