## 67858. ANDREWS v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of terroristic threats and acts.

Error is enumerated upon the trial court's response to a request by the jury for further instructions after it had been fully charged. After it had deliberated for some time, the jury returned to the courtroom to seek further clarification regarding its duty and the scope of its inquiry. An extensive colloquy occurred, during which the jury foreman asked the court exactly what the jury was to decide. The court replied that the jury was to determine whether or not appellant was guilty as charged in the indictment. Although, the court then undertook to reread the indictment for the jury's benefit, only a portion of it was actually read at that time. After further discussion about the allegations of the indictment, the foreman indicated that he understood what the jury was to decide, and that there were no further questions. The jury then resumed its deliberations.

Appellant asserts on appeal that, when the jury made its inquiry, the court should have recharged the principles relating to reasonable doubt, criminal intent, and burden of proof. He further contends that all of the material allegations of the indictment should have been reread to the jury.

"Since the indictment and the plea of not guilty entered thereon constitute the pleadings in a criminal case, it has always been the practice in this state to permit the jury to have, in [its] room, the indictment. [Cits.]" *Chandler v. State*, 143 Ga. App. 608, 610 (239 SE2d 158) (1977). The record and transcript indicate that this practice was followed in the instant case. Since the jury had the indictment before it during its deliberations, it was not necessary for the court to reread it in its entirety during the recharge. The jury was properly re-instructed, in response to its request, that its duty was to determine whether or not appellant was guilty as charged. The jury expressed its satisfaction with the guidance offered by the court. " 'Where the jury, after having been charged by the court, returns into court and requests an instruction upon a specific question, it is not error for the judge to confine his instruction to the specific point suggested by the jury's inquiry. [Cits.] It is within the court's discretion to recharge the jury in full or only upon the point or points requested. [Cits.] . . .' [Cit.]" *Dyer v. State*, 167 Ga. App. 310, 311 (306 SE2d 313) (1983).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED MAY 14, 1984.

*Lee R. Hasty*, for appellant.
*Arthur E. Mallory III, District Attorney, William G. Hamrick, Assistant District Attorney*, for appellee.