## 71563. THOMAS v. THE STATE.
(338 SE2d 502)

BANKE, Chief Judge.

The defendant, charged with four violations of the Georgia Controlled Substances Act, was convicted of one count of methamphetamine possession. In this appeal, he contends that the evidence was insufficient to support his conviction. He also argues that the trial court erred in charging the jury on the legal principle of parties to a crime and in refusing to give his requested charge on impeachment of witnesses.

Officers of the Hall County Sheriff's Department executed a search warrant at a Gainesville dwelling which was occupied by the defendant and three other persons. While the search was being conducted, one of the officers observed the defendant place something on the floor, under the stool on which he was sitting. A brown leather pouch was subsequently retrieved from that location and was determined to contain methamphetamine powder. *Held*:

1. The evidence, viewed in the light most favorable to the verdict, was sufficient to enable any rational trier of fact to find the defendant guilty of possession of methamphetamine beyond a reasonable doubt. See generally *Baldwin v. State*, 153 Ga. App. 35 (264 SE2d 528) (1980).

2. "A charge on [parties to a crime] is error only where there is insufficient evidence, circumstantial or otherwise, to support the theory." *Freeman v. State*, 130 Ga. App. 718, 720 (204 SE2d 445) (1974). Kim Reed, one of the other occupants of the residence at the time of the search, testified that all of the drugs found there belonged to her and to no one else. In view of that testimony, the charge was relevant on the theory that the defendant was, at the very least, aiding and abetting Ms. Reed's criminal conduct.

3. Officer Bishop testified that he executed a search warrant at "the Thomas residence," on Petes Drive in Gainesville, Georgia. The defendant contends that he was entitled to a jury instruction on impeachment based on his mother's subsequent testimony that the house was in fact owned by Lamar Thomas rather than the defendant. This enumeration of error is entirely without merit in that the mother's testimony failed even to contradict the officer's testimony, much less impeach it. See generally OCGA § 24-9-85.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 20, 1985.

*Robert E. Andrews*, for appellant.

*Bruce L. Udolf, District Attorney, Donald T. Hunt, Daniel A. Summer, Assistant District Attorneys*, for appellee.