## 71691. RIVERS v. THE STATE.
(342 SE2d 781)

CARLEY, Judge.

Appellant and her husband were indicted separately, but tried jointly for possession of marijuana with intent to distribute. Although both were convicted, only appellant initiated the instant appeal. The underlying facts are as follows: Pursuant to a warrant, a search was made of the residence of appellant and her husband. Some fifteen pounds of marijuana were found. Over $6,000 in cash was found on the person of appellant's husband. One marijuana cigarette was discovered in appellant's pocketbook. At another residence of appellant and her husband, police found 4-1/2 ounces of marijuana and $4,600.

1. Appellant first enumerates as error the failure of the trial court to charge the jury specifically that the guilt or innocence of joint defendants must be separately determined. There was no request for any such charge. Although given the opportunity to do so, appellant did not except to the charge or reserve her right to object. Under the circumstances, appellant may not now complain of the failure to give the charge. *Garrett v. State*, 173 Ga. App. 292 (3) (325 SE2d 911) (1985).

Appellant further contends that, even in the absence of a specific request and objection, it was reversible error to fail to instruct the jury to determine separately the guilt or innocence of the two defend-

ants. See OCGA § 5-5-24 (c). However, the application of that legal principle was sufficiently evident from the charge as a whole. The jury was specifically instructed that, depending upon whether it found that the burden of proof had been met by the State, a verdict of guilty or not guilty as to "either" defendant should be returned. The jury was further instructed that, as to each separate indictment, it should "write either guilty or not guilty . . . depending on what your finding is with regard to that particular Defendant. . . ." The lack of a more specific charge shows no harm requiring reversal. See *Dorsey v. State*, 141 Ga. App. 68, 69 (3) (232 SE2d 405) (1977). The failure of trial counsel to request a specific charge clearly did not result in a denial of appellant's constitutional right to effective assistance of counsel. See generally *Norris v. State*, 176 Ga. App. 164, 168 (6) (335 SE2d 611) (1985).

2. Appellant next contends that the trial court erred in denying her motion to sever her trial from that of her husband. Whether to grant or deny a defendant's motion to sever is within the discretion of the trial court. OCGA § 17-8-4. Absent a clear abuse of discretion, its ruling will not be disturbed. *Stevens v. State*, 165 Ga. App. 814 (302 SE2d 724) (1983). In exercising its discretion, the trial court should consider "whether a joint trial will create confusion of evidence and law; whether there is danger that evidence implicating one defendant will be considered against another defendant despite cautionary instructions to the contrary; and whether the co-defendants will press antagonistic defenses." *Murphy v. State*, 246 Ga. 626, 629 (273 SE2d 2) (1980).

In the instant case, there were only two defendants. Their defenses were not antagonistic. All of the evidence, with the exception of appellant's husband's former conviction, was offered against both defendants. The trial court properly cautioned the jury to consider the husband's conviction solely with regard to the element of his intent.

We must presume that the jury correctly applied the charge. *Stanley v. Squadrito*, 107 Ga. App. 651, 658-659 (131 SE2d 227) (1963); *Fallaw v. Hobbs*, 113 Ga. App. 181, 185 (147 SE2d 517) (1966). Under these circumstances, the denial of the motion to sever was not erroneous.

3. Appellant enumerates the general grounds. After a careful review of the record, we find the evidence sufficient to convince a rational trior of fact of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 18, 1986.

*Murl E. Geary*, for appellant.

*Spencer Lawton, Jr., District Attorney, Virginia A. Erskine, Assistant District Attorney*, for appellee.