## 76409. RUSH v. THE STATE.
### (373 SE2d 377)

BENHAM, Judge.

Appellant was convicted of possession of LSD with intent to distribute (VGCSA). On appeal, he raises several enumerations of error challenging the sufficiency and the admissibility of evidence against him. Finding no error, we affirm the judgment of conviction.

1. In his first enumeration, appellant argues that others had equal access to the drug he was convicted of possessing, and that the evidence was insufficient to link him to ownership of the LSD. The evidence adduced at trial was that three confidential informants had provided information to police authorities that appellant possessed the contraband in question, and that a controlled buy was made to help confirm the information. A few days later, a magistrate issued a warrant to search appellant's home on the basis of the information provided. When the police authorities executed the warrant, they found a total of 1,404 micro-dot tablets that proved to be LSD, and several hundred dollars in cash. The items were discovered in the drawer of a bedside dresser in appellant and his wife's bedroom. Appellant was also found to have almost $4,000 on his person. The officers seized the discovered items and took appellant into custody. The next day, while appellant was in his jail cell, an officer came to read him the contents of his arrest warrant, and after he informed appellant that he was being charged with possession of a controlled substance with intent to distribute, appellant responded that the seized tablets were for his personal use due to his back problem and that he did not have them to sell or disburse.

Appellant's wife testified that the house in which she and her husband lived had been built recently, and that as many as 40 workers had been in and out of it. Of the money found on her husband, she said that $2,000 of it was a loan repayment her sister had made, and that the rest of the money was the remainder of a $1,000 check she and her husband had cashed. She also testified that she had earned the remainder of the money when she was working the previous year, and that all of the money was to be used to pay laborers who had worked on the house. She denied that any of the money was drug sale proceeds, and denied knowing about the LSD tablets or the vials that contained them. She said that the front bedroom in which the contraband was found was her husband's bedroom, and that she did not sleep there with him. Appellant did not testify. "Whether the evidence of equal access was sufficient to rebut the presumption of

possession arising from the discovery of drugs in [appellant's] bedroom . . . was a question properly left to the jury." *Kelly v. State*, 184 Ga. App. 337, 340 (361 SE2d 659) (1987). The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of possession of LSD with the intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Kelly*, supra.

2. Appellant contends his statement concerning ownership of the pills (see Division 1 of this opinion) should have been suppressed as evidence, because it was a custodial statement made without the benefit of renewal of the *Miranda* warnings, and because the law enforcement authority to whom it was made knew that appellant was already represented by counsel. We disagree with appellant's analysis. The statement mentioned in Division 1, although made while appellant was in custody, was not made as part of an interrogation. " '(T)he term "interrogation" under *Miranda* refers . . . to any words or actions on the part of the police (*other than those normally attendant to arrest and custody*) that the police should know are reasonably likely to elicit an incriminating response from the suspect.' [Cit.]" *White v. State*, 168 Ga. App. 794, 796 (310 SE2d 540) (1983). The facts show that the officer was merely carrying out a function normally attendant to arrest and custody and did not solicit a response to the reading of the arrest warrant. Since no interrogation took place, the *Miranda* warnings were not necessary. Appellant's volunteered response was admissible, and the trial court did not err in so ruling.

3. Appellant argues that the trial court erred in denying his motion to sever his trial from that of his co-defendant wife. Whether a motion to sever should be granted or denied is within the discretion of the trial court, and absent a clear abuse of that discretion the trial court's ruling will not be disturbed. "In exercising its discretion the trial court should consider 'whether a joint trial will create confusion of evidence and law; whether there is danger that evidence implicating one defendant will be considered against another defendant despite cautionary instructions to the contrary; and whether the co-defendants will press antagonistic defenses.' [Cit.]" *Rivers v. State*, 178 Ga. App. 310, 311 (342 SE2d 781) (1986). Appellant did not show any of those considerations to be factors in his case. Under the circumstances, the motion to sever was properly denied.

4. In another of his pre-trial motions, appellant sought to have the identities of the confidential informants revealed. The trial court denied his motion, and appellant challenges that denial, contending that one of the informants was a "decoy" rather than a "tipster," and thus his identity was not privileged. See *Thornton v. State*, 238 Ga. 160, 163 (231 SE2d 729) (1977). We agree with the trial court's ruling

that the informant was a mere tipster. "In the present case, [appellant] was charged with possession of [LSD] with intent to distribute based on the contraband that was discovered in [his home] at the time the warrant was executed. Because . . . the informant was not present at the time the warrant was executed and this contraband was found, the trial court was authorized to conclude that the informant was a mere tipster, who neither participated in nor witnessed the offense with which defendant was charged. Accordingly, the trial court did not err in refusing to require disclosure of the identity of the informant. [Cits.]" *Skipworth v. State*, 185 Ga. App. 636, 638 (365 SE2d 284) (1988).

5. Claiming that evidence the State planned to use against him was the fruit of an illegal search of his residence, appellant moved to have the evidence suppressed. The trial court denied his motion, a ruling that appellant challenges here. He claims that the information relied upon by the law enforcement authorities in preparing the affidavit to support the search warrant was stale and defective as a matter of law. " 'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. The duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for concluding" that probable cause existed.' *Illinois v. Gates*, 462 U. S. 213, 238 (103 SC 2317, 76 LE2d 527) (1983)." *Hayes v. State*, 182 Ga. App. 319 (355 SE2d 700) (1987). Our review of the record reveals that the affidavit was based on information from three confidential informants, one of whom obtained almost 100 tablets of the drug just five days before law enforcement authorities arrested appellant. Although there were some statements by the informants that may have been inaccurate, "[t]here is no evidence that material misrepresentations were knowingly or recklessly included in the affidavit, and there was no showing of misconduct on the part of the affiant. [Cit.] In the absence of such evidence the presumption of validity of an affidavit executed in support of a search warrant must stand. [Cit.]" Id. at 320.

6. Nor does appellant's contention that the warrant was unreasonably executed have any validity. The officers involved in the search and seizure knocked on the door and were invited into the house by a "young white male" who answered the door. Once inside, appellant invited the two officers to sit down, at which point they identified themselves as being law enforcement officers there for the purpose of serving a search warrant on appellant's residence. We agree with appellant's assertion that our federal and state constitutions require that searches must be reasonable as to time, place, and

manner, but we fail to see and appellant fails to explain how this particular search violated those requirements. He apparently relies on the fact that approximately nine people were involved in securing the property to be searched, and that the two officers that arrived first were in civilian clothes and an unmarked vehicle. We are unaware of any cases that limit the number of officers who can be involved in execution of a search warrant, and the facts of this case certainly belie the notion that the officers overstepped their authority in executing the warrant. Compare *Barclay v. State*, 142 Ga. App. 657 (236 SE2d 901) (1977). We find no error.

7. As part of the search and seizure issue, appellant also claims that the trial court erred in allowing appellant's private papers, i.e., his income tax return, to be seized in violation of OCGA § 17-5-21 (b), and that the seized papers were used to cross-examine appellant's wife over counsel's objection. Our review of the record reveals that the questions to which appellant objected involved the sources of appellant's and his wife's net income. At the time of the objection, there had been no reference to appellant's tax returns, and the trial court allowed the prosecuting attorney to cross-examine the witness about the sources of income because appellant opened the door to that line of questioning on direct examination. When the words "tax return" were mentioned on cross-examination, appellant did not object. No tax returns were introduced into evidence. Having failed to object to the mention of the returns at the time such mention was made, appellant leaves us with nothing to review on appeal. *Edwards v. State*, 171 Ga. App. 264 (2) (319 SE2d 101) (1984).

8. The State introduced, as part of its evidence, two photographs. One, State's Exhibit 5, was a photograph of the open drawer in which appellant's contraband was found, and of the items found in the drawer. State's Exhibit 6 depicted some money, a coffee cup, two vials, and a small pouch. The latter items had been containers for the pills in question, and were arranged on a white backdrop the investigating officers found at the searched location. The items in Exhibit 6 had also been found in the drawer but were not visible in Exhibit 5. Appellant objected to the introduction of Exhibit 6, arguing that the items in it had been arranged for photographing. On appeal he contends that this "orchestrated" photograph violated his right to a fair trial. We find no such error. Exhibit 6 merely showed items of evidence that were relevant to the proceeding, but that the jury was unable to see in the preceding photograph. " ' "The admission or exclusion of photographs, even when there is admittedly some difference in the situation portrayed and that which existed, is a matter within the discretion of the trial judge and will not be controlled unless abused. [Cit.]" ' " *Manning v. State*, 162 Ga. App. 494 (4) (292 SE2d 95) (1982). We find no abuse.

9. Appellant complains that the trial court erroneously denied the motion for mistrial he made at the close of the State's case. The motion was based on "all the inadmissible evidence and all the hearsay evidence that's been talked about in front of the Jury today." The trial transcript shows that although appellant objected to the testimony about which he now complains, and that some of his objections were sustained, he did not move for a mistrial contemporaneously with the alleged misconduct. Having failed to do so, appellant's motion was not a timely one and was properly denied. *Garner v. State*, 180 Ga. App. 146 (1) (348 SE2d 690) (1986).

10. Appellant's last enumeration is that the trial court erred in charging that "[a] person is concerned in the commission of a crime only if he directly commits the crime or intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime." Appellant objected on the grounds that there was no evidence presented that anyone aided or abetted another or that anyone was party to a crime. " 'A charge on (parties to a crime) is error only where there is insufficient evidence, circumstantial or otherwise, to support the theory.' " *Thomas v. State*, 177 Ga. App. 33 (2) (338 SE2d 502) (1985). When the trial court gave the charge in question, appellant and his wife were both on trial for possession of the drug with intent to distribute. See Division 3 of this opinion. Since there was evidence, circumstantial and otherwise, that appellant had directly committed the crime for which he was convicted, and some evidence from which the jury could infer that appellant's wife aided or abetted him (Division 1), the trial court did not err in giving the charge.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1988 —
REHEARING DENIED SEPTEMBER 23, 1988.

*Tamara Jacobs*, for appellant.
*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney*, for appellee.