A90A2028, A90A2029. WALKER v. THE STATE (two cases).
(401 SE2d 613)

SOGNIER, Chief Judge.

Willie John Walker was charged in two indictments with a total of four counts of selling cocaine. The indictments were tried together and Walker was convicted by a Tattnall County jury on all counts. We have consolidated his appeals from the judgments entered on both indictments.

1. Appellant first contends the trial court erroneously limited the scope of his cross-examination of GBI Special Agent Darryl Chaneyfield. At trial, Agent Chaneyfield testified that he was a passenger in a vehicle driven by a confidential informant when the informant saw appellant and an unidentified man standing in a motel parking lot next to a car and pointed them out to the agent. Chaneyfield stated that he and the informant approached appellant and another man and purchased $20 worth of crack cocaine. On cross-examination, appellant's counsel established that the vehicle in which the agent had been a passenger was a pickup truck, and then asked

whether the truck was "a full-size pickup or a small pickup." The prosecutor objected to the question, contending it was irrelevant and might prejudice the confidentiality of the informant, and the trial court sustained the objection.

Appellant maintains this ruling was error because the information sought was relevant to show the agent's vantage point when he encountered appellant, and asserts the disallowance of this question impermissibly abridged his right of cross-examination. We do not agree. "Every party has the right to a thorough and sifting cross-examination of the witnesses called against him. OCGA § 24-9-64. However, the trial court may restrict the scope of the cross-examination to matters relevant to the issues being tried, and the results of the exercise of that discretion will not be interfered with on appellate review unless the discretion was manifestly abused. [Cits.]" *Fowler v. State*, 171 Ga. App. 491, 493 (2) (320 SE2d 219) (1984). Since the agent had already testified at length about what he was able to observe during the transaction at issue, we find no abuse of the trial court's discretion in the refusal to allow the question.

2. Appellant's other enumeration concerns the court's recharge to the jury. The transcript reveals that after a period of deliberation, the jury asked for instructions on "[w]hat constitutes a sale of cocaine." They questioned whether a sale occurred only when the accused physically transfers the contraband and receives the money from the buyer, or whether use of an intermediary also could fall within the definition. In response, the trial judge instructed them to use the term "sale" in its ordinary meaning, and explained that a prohibited sale could occur through an intermediary without direct physical contact between the buyer and seller. Appellant reserved objections, and now contends on appeal that the court erred by failing to recharge on reasonable doubt, especially given that the instruction at issue was favorable to the State.

When the jury requests an additional instruction on a specified point, it is within the trial court's discretion to confine its instruction to the scope of the jury's inquiry. *Dyer v. State*, 167 Ga. App. 310, 311 (3) (306 SE2d 313) (1983). " 'The jury asked for a charge upon a specific point and [was] charged upon that point. The jury was specifically reminded to recall and apply all the other instructions of the court. This was sufficient to satisfy the requirements of the law.' [Cit.]" Id. Appellant urges us to follow the principle enunciated in *United States v. Carter*, 491 F2d 625, 634 (5th Cir. 1974) that "when the jury requests further instructions on points which are favorable to the Government, the trial judge should repeat instructions favorable to the defense where the requested instructions taken alone might leave an erroneous impression in the minds of the jury. [Cits.]" Although the Supreme Court has neither accepted nor rejected this

principle, see *Appling v. State*, 256 Ga. 36, 38 (2) (343 SE2d 684) (1986), this court did approve its use in *Brannon v. State*, 163 Ga. App. 340, 341 (2) (295 SE2d 110) (1982). However, even if this principle is applied, we find no error. Here, as in *Dyer*, supra at 311 (3), there is no indication that the recharge would leave the jury with an erroneous impression. Further, the court specifically instructed the jury not to unduly emphasize the instruction given on recharge, but to recall and apply the entire charge. See id. Accordingly, we affirm the trial court's judgment.

*Judgments affirmed. McMurray, P. J., concurs. Carley, J., concurs in Division 2 and in the judgment.*

DECIDED JANUARY 31, 1991.

*Hal T. Peel*, for appellant.
*Dupont K. Cheney, District Attorney, Lisa M. Young, Assistant District Attorney*, for appellee.