A91A1783. LEWIS v. THE STATE.
(415 SE2d 318)

Cooper, Judge.

Appellant was indicted on one count of entering an automobile and one count of aggravated assault. A jury trial resulted in a guilty verdict on the entering an automobile count, and a mistrial was declared on the aggravated assault count, as the jury was unable to reach a unanimous verdict. Appellant appeals from the denial of his motion for new trial. As his sole enumeration of error, appellant contends the trial court failed to respond adequately to the jury's questions on the independence of each count.

During deliberation, the jury requested that the trial court "respecify what lesser charges may be found by the jury." The jury's note then listed the word, "assault," followed by the letters, "A.G.," in brackets and listed "entering a vehicle" followed by "trespass" in brackets. The note also asked that the charges be listed. In response, the court wrote "none" next to "assault" and wrote "Yes" following "trespass." As to the last question, the court indicated, "none for aggravated assault and criminal trespass for entering an auto." The note and the court's response were read in open court, and no objection was raised thereto.

In response to another specific request by the jury, the court recharged the jury on justification and defense of property, after which one juror asked if it were necessary to tie the two counts together or whether they could be decided individually. The court then explained that the counts were independent and that the State had the burden of proving the essential elements of each count beyond a reasonable doubt. Appellant reserved objections after the re-charge and argues on appeal that the jury's questions indicated some confusion on their part with respect to lesser included offenses and the elements of each crime and contends that the trial court erred in not fully re-charging on the elements of each crime, although the record contains no such request by the jury.

"When the jury requests an additional instruction on a specified point, it is within the trial court's discretion to confine its instruction to the scope of the jury's inquiry. [Cit.]" *Walker v. State*, 198 Ga. App. 422 (2) (401 SE2d 613) (1991). Although the trial court did not

further instruct the jury "to recall and apply all the other instructions of the court" (id.), we do not find that the instructions made an erroneous impression on the jury. See *Johnson v. State*, 185 Ga. App. 167 (8) (363 SE2d 773) (1987). Accordingly, the trial court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 5, 1992.

Steven W. Reighard, Gary W. Washington, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Henry A. Hibbert, Rebecca A. Keel, Assistant District Attorneys, for appellee.