A91A1835. BRADFORD v. THE STATE.
(415 SE2d 697)

ANDREWS, Judge.

Bradford was tried and convicted of kidnapping, possession of a firearm during the commission of a crime and of two counts of armed robbery. In the indictment, Bradford was accused of acting together with another man to commit the crimes charged, and at trial there was evidence indicating that two men had acted in concert to commit the crimes.

1. Pretermitting the question of whether the error was properly

preserved below, in his second enumeration of error, which we will address first, Bradford claims that the trial court erred in instructing the jury on the law of conspiracy. He argues that the conspiracy charge allowed the jury to convict Bradford of the substantive crimes by proof of a lesser crime. We find no merit in this argument and find that the evidence supported the charge given. See generally *Hicks v. State*, 195 Ga. App. 887, 889 (2) (395 SE2d 341) (1990).

Bradford also argues that the conspiracy charge was improper since conspiracy was not charged in the indictment. "Even though a conspiracy is not charged in the indictment, the jury charge is not incorrect where the evidence supports it. *Spencer v. State*, 180 Ga. App. 498 (349 SE2d 513) [(1986)]." *Sabree v. State*, 195 Ga. App. 135, 138 (7) (392 SE2d 886) (1990).

2. Bradford claims that the trial court erred by recharging the jury twice regarding conspiracy and that by doing so the conspiracy issue was unduly emphasized. Bradford does not argue that the charge was substantively incorrect, but that the repetition itself was error. The sequence of events at issue arose when, after hearing the initial charge regarding conspiracy, the jury twice requested further instruction regarding that issue. In giving the second recharge, the trial judge, who was apparently concerned that he had misstated the name of the alleged co-conspirator, reread a portion of the charge.

Pretermitting again the question of whether the objection to the charge was properly raised, we find no error. The recharges contained not only the requested instruction, but also the statement that the defendant denied these charges and references to the State's burden of proving a conspiracy beyond a reasonable doubt. "A mere repetition of a principle of law, while unnecessary, will not work a reversal unless it appears from the charge as a whole that there was such undue emphasis as to result in an unfair statement of the law in relation to the defendant's rights. Mere repetition of a correct and applicable principle of law is not such error as requires reversal unless it takes color of an argumentative or opinionative utterance so as to tend to prejudice the minds of the jury." (Citations and punctuation omitted.) *Brown v. State*, 182 Ga. App. 682, 683 (356 SE2d 663) (1987); *Dyer v. State*, 167 Ga. App. 310 (306 SE2d 313) (1983); see also *Walker v. State*, 198 Ga. App. 422 (401 SE2d 613) (1991); *Moore v. State*, 179 Ga. App. 125 (345 SE2d 631) (1986).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 7, 1992.

*James D. Love, J. Michael Mullis*, for appellant.
*Harry N. Gordon, District Attorney, Steve C. Jones, Assistant*

*District Attorney*, for appellee.