## A01A1628. HEAD v. THE STATE.
### (560 SE2d 536)

ANDREWS, Presiding Judge.

James Virgil Head was found guilty by a jury of false imprisonment and simple assault. The State produced evidence that Head violently assaulted his ex-wife and, by use of threats, physical attack, and possession of a knife, held her captive while forcing her to accompany him. Head does not challenge the sufficiency of the evidence supporting the convictions. For the following reasons, we find no merit in the errors asserted by Head on appeal and affirm the judgment entered on the convictions.

1. Head claims the trial court erroneously denied his motion for a mistrial after a witness for the State gave testimony improperly bolstering the credibility of the victim.

During direct examination, a "victim advocate" testifying for the State about physical bruising she observed on the victim's body gave an unresponsive comment that she believed the victim. Because a witness's credibility is exclusively a matter for the jury and cannot be bolstered by the opinion of another witness, this was improper testimony. *Castro v. State*, 241 Ga. App. 546, 548-550 (527 SE2d 12) (1999). The trial court denied Head's motion for a mistrial and immediately gave a curative instruction to the jury that it was improper for the witness to comment on the believability of the victim, that the credibility or believability of witnesses was for the jury to decide, and that they were instructed to disregard and give no weight or consideration to the witness's comment that she believed the victim.

A mistrial under these circumstances is not mandated; rather, it lies within the sound discretion of the trial court to determine whether a mistrial is the only corrective measure which can preserve the right to a fair trial, or whether the error can be corrected by proper instructions to the jury. *Stanley v. State*, 250 Ga. 3, 4 (295 SE2d 315) (1982). On the present facts, given the trial court's immediate instruction to the jury to disregard the testimony, we find no abuse of discretion in the refusal to grant a mistrial. Id.

2. Head contends the trial court erred by denying his motion to disqualify the district attorney and his entire staff from the prosecution of his case.

Head moved for disqualification on the basis that the chief investigator in the Gwinnett County District Attorney's office dated and subsequently married the victim in this case during the time the case was being investigated and prosecuted. Evidence was presented at the hearing on the motion that the chief investigator, a former police officer employed by the district attorney to conduct and supervise criminal investigations, met the victim in a social setting unrelated to the case. The investigator told the victim where he worked, and

the victim revealed that she had a pending case. The victim's case was being handled by another investigator at the time, and the chief investigator was not personally aware of the case, which was one of thousands handled each year by the district attorney's office. Before dating the victim, the investigator told the district attorney about the victim's pending case and asked if there would be any problem if he dated her. The district attorney responded there would be no problem as long as the investigator had no involvement in the victim's case. Thereafter, the investigator did not personally investigate the case, did not discuss the case with other investigators or prosecutors, and took no part in the decision of prosecutors to indict Head. The investigator said his only contact with the case was while he was out socially one evening with the victim and she saw a man who she thought might have some information about the case. The investigator testified that he spoke briefly with the man, who said he knew the victim and Head but had no information about the case.

Head contends the investigator's close personal relationship with the victim disqualifies the district attorney and every prosecutor on his staff. It is possible for a disqualifying conflict of interest to arise where a prosecutor has acquired a personal interest or stake in the defendant's conviction. *Williams v. State*, 258 Ga. 305, 314-315 (369 SE2d 232) (1988). For example, a prosecutor's close personal relationship with the victim in a case may create at least the appearance of a prosecution unfairly based on private interests rather than one properly based on vindication of public interests. Christopher Vaeth, Annotation, Disqualification or Recusal of Prosecuting Attorney Because of Relationship with Alleged Victim or Victim's Family, 12 ALR5th 909 (2001). In that case, the individual prosecutor who has the conflict may be disqualified from participation in the case, but not all the other prosecutors who work with him. See *Frazier v. State*, 257 Ga. 690, 693-695 (362 SE2d 351) (1987).

There was no evidence of any conflict of interest or resulting misconduct in this case by the district attorney or any prosecutor on his staff, and we will not presume or find the appearance of such conflict solely because an investigator who works for the district attorney has a close personal relationship with the victim. Moreover, to insure that no conflict of interest or the appearance of one might develop, the district attorney took the prudent step of ordering the investigator to take no part in the investigation or prosecution of the case. The trial court did not abuse its discretion by denying the disqualification motion.

3. There is no merit to Head's contention that the trial court improperly sentenced him under the recidivist provisions of OCGA § 17-10-7 (c) because he did not have three prior felony convictions as defined by the provisions of OCGA § 17-10-7 (d).

Section 17-10-7 (c) provides that any person with three prior felony convictions who commits a subsequent felony must serve the maximum sentence and is not eligible for parole. Although the State produced evidence at the sentencing hearing that Head had been convicted of twelve prior felonies in separate indictments or accusations, Head argues that eleven of the twelve felonies were consolidated for trial and are deemed under OCGA § 17-10-7 (d) to be only one conviction. Section 17-10-7 (d) provides that "[f]or the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction."

The totality of the circumstances is considered in determining whether separate offenses have been consolidated for trial under OCGA § 17-10-7 (d). *Stone v. State*, 245 Ga. App. 728 (538 SE2d 791) (2000). All 12 felony convictions produced by the State were charged on separate indictments or accusations and had separate sentencing orders. One felony conviction was disposed of by a guilty plea entered on February 25, 1982, for a burglary committed on September 9, 1981. The remaining eleven felony convictions were disposed of by guilty pleas entered on September 30, 1977, for seven burglaries committed on July 31, 1977, one burglary committed on March 22, 1977, a motor vehicle theft committed on July 27, 1977, a forgery in the first degree committed on July 20, 1977, and a second degree forgery committed July 20, 1977. All eleven of these felony convictions show identical sentences imposed on the same day for eighteen years, eight to serve in prison and the remainder on probation.

Head contends that, since the felony convictions for first and second degree forgery carried maximum sentences of less than eighteen years, the court actually imposed one consolidated sentence of eighteen years for these eleven convictions, and they should be considered one conviction consolidated for trial under OCGA § 17-10-7 (d). The record, however, shows that a separate order of sentence was entered on each separate accusation or indictment. The fact that the sentences were entered on the same day or that they may have been intended to run concurrent with each other does not require the conclusion that they were consolidated for trial within the meaning of OCGA § 17-10-7 (d). *Philmore v. State*, 263 Ga. 67, 70 (428 SE2d 329) (1993).[1] The trial court did not err by imposing sentence pursuant to the recidivist provisions of OCGA § 17-10-7 (c).

---

[1] Head also contends that, if excessive, void sentences were imposed on his prior convictions for first and second degree forgery, they cannot be used to support recidivist sentencing. Assuming without deciding the truth of this contention, the remaining convictions were sufficient to support recidivist sentencing.

4. Contrary to Head's contention, the State's written notice to him pursuant to OCGA § 17-10-2 (a) of the State's intent to use the 12 prior felony convictions in aggravation of punishment was sufficient notice to allow the State to introduce the prior convictions to support recidivist sentencing. *Stanford v. State*, 251 Ga. App. 87, 90 (553 SE2d 622) (2001).

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED FEBRUARY 15, 2002.

*David L. Whitman*, for appellant.

*Daniel J. Porter, District Attorney, Wesley C. Ross, Assistant District Attorney*, for appellee.