A05A0260. HARPER v. THE STATE.
(606 SE2d 599)

BLACKBURN, Presiding Judge.

Convicted on drug charges and sentenced to 50 years (15 to serve), Nathaniel Harper, acting pro se, appeals the trial court's ruling on his motion to clarify his sentence as to whether the sentence

was entered pursuant to OCGA § 17-10-7 (a) (parole allowed) or pursuant to OCGA § 17-10-7 (c) (no parole allowed). We hold that the court did clarify the sentence as being entered pursuant to OCGA § 17-10-7 (c), and further that based on Harper's five prior felony convictions, the sentence was properly entered. Accordingly, we affirm.

After selling cocaine to an undercover police officer, Harper was convicted for selling cocaine and for selling cocaine within 1,000 feet of a public housing project, which conviction we affirmed. *Harper v. State*.[1] At sentencing, the trial court considered Harper's five prior felony convictions in deciding under OCGA § 17-10-7 to impose the maximum sentence on the two felony drug charges at issue. The court did not specify on which subsection of OCGA § 17-10-7 it was relying.

In September 2000, Harper received a notice that the parole board tentatively intended to parole him in April 2003. In March 2001, the board rescinded any notice of parole, finding that Harper had been sentenced under OCGA § 17-10-7 (c) and was therefore ineligible for parole. Harper moved the trial court to clarify whether his recidivist sentence was entered pursuant to subsection (a) of OCGA § 17-10-7 (imposed where defendant has previously been convicted of one or two felony offenses), which allows for parole, or under subsection (c) of OCGA § 17-10-7 (imposed where defendant has previously been convicted of three or more felony offenses), which does not allow for parole. Harper argued that since he pled guilty to his five prior convictions on the same day, which resulted in concurrent sentences, the five convictions should be considered as one conviction under OCGA § 17-10-7 (d), and therefore his sentence was necessarily entered pursuant to subsection (a), making him eligible for parole.

The trial court held that the sentence was clear and unambiguous and that Harper had been correctly sentenced as a nonparole eligible recidivist pursuant to subsection (c) of OCGA § 17-10-7. Harper appeals this ruling, arguing that the court failed to clarify whether he was sentenced pursuant to subsection (a) or subsection (c), and that the court should have held that he was sentenced pursuant to subsection (a).

1. Harper first claims that the trial court failed to clarify the subsection under which he was sentenced. Indeed, in his appellate brief, Harper emphasizes that he "has not sought relief from his recidivist sentence [but] has only asked the court to clarify what subsection he was sentenced under." He repeats, "All appellant has asked for is that the court do what it should have done at sentencing

---

[1] *Harper v. State*, 213 Ga. App. 611 (445 SE2d 300) (1994).

and make the imposed sentence clear and definite to all parties involved." In response to Harper's motion for clarification below, however, the trial court *did clarify* that Harper was sentenced correctly under subsection (c) of OCGA § 17-10-7, thus resolving Harper's primary complaint.

2. Although Harper's only enumeration was that the trial court failed to clarify its sentencing order, we exercise our discretion to address the other related arguments set forth in Harper's pro se appellate briefs (which arguments were raised below). Citing *Mitchell v. State*,[2] Harper argues that the trial court erred in its original sentencing order because it did not specify in the text of the order the subsection of OCGA § 17-10-7 pursuant to which Harper's recidivist sentence was being entered. "While it might have been the better practice for the trial court to plainly indicate on its final disposition which subsection of the repeat offender statute applies to [Harper's] recidivist sentence, the failure to do so does not amount to reversible error." *Gilbert v. State*,[3] citing *Mitchell*, supra. As in *Gilbert*, the record here is clear as to how many felonies the trial court was relying upon, and therefore it was easily discernible pursuant to which subsection the trial court was imposing the sentence. Id.

3. Harper next argues that, despite the clarification order, the original trial court actually relied upon OCGA § 17-10-7 (a) in sentencing him because (i) at the motion for new trial hearing, Harper's counsel argued that such was the case and the trial court allegedly agreed with such, and (ii) the five prior convictions had to be considered as one conviction as a matter of law and therefore the court only had power to rely on subsection (a). Both of these contentions fail.

First, Harper mischaracterizes the colloquy at the motion for new trial hearing. Harper's appellate counsel was arguing that Harper's trial counsel was ineffective in that he failed to object to Harper's sentence even though Harper "really should have been sentenced only under Part A of the recidivist statute." This would indicate appellate counsel's understanding *that the court actually sentenced Harper under subsection (c) and that trial counsel should have objected to that.* Appellate counsel then continues:

> [B]ut as I read the Court's sentence, I believe the Court sentenced him according to the recidivist statute that speaks to one prior conviction is the way that I read it.
> THE COURT: Right.
> APPELLATE COUNSEL: Because you sentenced him to —

---

[2] *Mitchell v. State*, 202 Ga. App. 100, 102 (2) (413 SE2d 517) (1991).
[3] *Gilbert v. State*, 265 Ga. App. 76, 79 (4) (593 SE2d 25) (2003).

You told him, I think, — as I read the transcript, that you had to sentence him to the longest period, but didn't mean he had to serve it all.

THE COURT: I can probate part of it.

The court's single response — "Right" — in the midst of counsel's argument did not indicate that the court agreed with counsel's legal conclusion, but only that the court was acknowledging that it understood the point counsel was making. Counsel had just made the observation that "the way that I read it" the trial court relied upon subsection (a); the court was simply acknowledging its understanding of the argument.

Second, the court necessarily sentenced Harper pursuant to subsection (c) of OCGA § 17-10-7 since the five prior felony convictions could only be treated as separate convictions. OCGA § 17-10-7 (d) provides: "For the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction." The five prior felony convictions here were actually five sets of crimes consisting of thefts and burglaries of five different victims on five different days, with each set separately indicted and with separate sentencing orders entered on each.[4]

Even though there is no court order consolidating these five sets of crimes for a single trial, Harper argues that since he pled guilty to all of the crimes on the same day before the same judge, who imposed concurrent sentences, they were in fact consolidated for trial for purposes of OCGA § 17-10-7 (d). *Robinson v. State*[5] rejected this argument, explaining:

> Defendant maintains that since the two indictments were pled out at the same time, before the same judge, and resulted in the same sentence to run concurrently, the offenses should be viewed as consolidated and treated as only one offense. However, the factors relied upon by defendant do not establish that the cases were "consolidated for

---

[4] Conviction No. 1, consisting of one count of burglary and five counts of theft by taking, concerned events taking place on June 26, 1989; Conviction No. 2, consisting of one count of burglary and two counts of theft by taking, concerned events taking place on June 29, 1989; Conviction No. 3, consisting of one count of burglary and one count of criminal trespass, concerned events taking place on June 22, 1989; Conviction No. 4, consisting of one count of theft by taking, concerned events taking place on April 14, 1989; and Conviction No. 5, consisting of one count of burglary and one count of theft by taking, concerned events taking place on June 30, 1989.

[5] *Robinson v. State*, 232 Ga. App. 280 (2) (501 SE2d 536) (1998).

trial" as contemplated by OCGA § 17-10-7. As there were separate indictments and separate sentencing orders were entered as to each indictment, the record indicates that there was no consolidation.

See *Philmore v. State*[6] (three prior convictions not consolidated where there were separate indictments and separate sentencing orders); *Head v. State*[7] (eleven prior convictions to which defendant pled guilty on same day were not consolidated where "a separate order of sentence was entered on each separate accusation or indictment"); *Moore v. State*[8] (two prior crimes, indicted separately and sentenced in separate orders, were against different victims and occurred on different days; the fact that defendant pled guilty to them on the same day with concurrent sentences being entered that day did not make them consolidated for trial).

Thus, the record reflects that the five convictions were not consolidated for trial. The trial court necessarily was sentencing Harper under OCGA § 17-10-7 (c), which applies to defendants having three or more prior felony convictions, and accordingly sentenced Harper correctly.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

Decided November 8, 2004 — ▇▇▇▇▇▇▇▇▇

Nathaniel Harper, *pro se.*
Leigh E. Patterson, *District Attorney*, Finnis K. Salmon, *Assistant District Attorney*, for appellee.

---

[6] *Philmore v. State*, 263 Ga. 67, 70 (6) (428 SE2d 329) (1993).
[7] *Head v. State*, 253 Ga. App. 757, 759 (3) (560 SE2d 536) (2002).
[8] *Moore v. State*, 251 Ga. App. 295, 296-297 (1) (554 SE2d 204) (2001).