## A10A2315. BARBEE v. THE STATE.
(707 SE2d 550)

BARNES, Presiding Judge.

A jury convicted Robert Barbee of three counts of burglary. Barbee appeals from the denial of his motion for a new trial,

---

contending that the trial court erred (a) in overruling his objection to a detective's testimony regarding the frequency with which finger-print evidence is obtained in burglary investigations; (b) in denying his motion to strike the detective's testimony concerning a pry bar found in his vehicle; (c) in recharging the jury regarding recent possession of stolen property; and (d) in treating his three prior felonies from Tennessee as separate offenses for purposes of sentencing him as a recidivist. For the reasons set forth below, we affirm.

Following a criminal conviction, we view the evidence in the light most favorable to the jury's verdict. *Gordon v. State*, 294 Ga. App. 908 (1) (670 SE2d 533) (2008). So viewed, the evidence showed that the victim owned a residence on several acres of property in Catoosa County. In addition to the residence, the property had two outbuildings — a small storage shed and garage. The residence and two outbuildings contained numerous tools and equipment owned by the victim, who was a general contractor and was in the process of remodeling his residence.

On the evening of September 30, 2006, the victim left his residence and spent the night away from home. The following morning, October 1, 2006, the victim returned to his residence, but noticed that the garage door, which he had locked before leaving the previous evening, was open. The victim immediately ran into his residence, where he realized that his tools and equipment were missing and that the back door was "ripped completely out of the frame." Upon further investigation, the victim saw that the two outbuildings also had the doors torn from the frames and that property was missing from both of those buildings as well. The victim called the police and reported that his residence and two outbuildings had been burglarized.

Earlier that morning, an undercover officer with the East Ridge, Tennessee Police Department who had been conducting surveillance of a hotel became suspicious of a vehicle that kept entering and exiting from that location. The officer followed the vehicle and initiated a traffic stop upon noticing that Barbee, the driver, was not wearing his seatbelt. After stopping Barbee for the seatbelt violation, the officer discovered "a large number of tools and power equipment, along with plumbing fittings, electrical wire and copper tubing" in the vehicle. The officer also found a large black pry bar.[1] The officer inventoried the contents of Barbee's vehicle and contacted surround-

---

[1] Following his initial stop of the vehicle, the officer had learned that Barbee was wanted on an outstanding arrest warrant on unrelated charges. The officer then arrested Barbee and inventoried the items in the vehicle, whereupon he discovered the tools, equipment, and pry bar. These additional facts were not presented to the jury because of the trial court's grant of Barbee's motion in limine on the issue.

ing law enforcement agencies regarding recent thefts of similar items.

That same day, a detective with the Catoosa County Sheriff's Department was assigned to investigate the burglary of the victim's residence. As part of his investigation, the detective identified pry marks at the point of entry to the victim's residence and noticed that the hinges on the doors to the two outbuildings had been pried off. The detective also had the victim compile a list of tools and equipment that had been stolen. The final list was seven pages long and included tools and equipment worth a total of $28,000.

During his investigation, the detective received information from the East Ridge Police Department regarding the traffic stop and items seized from Barbee's vehicle. The detective and victim traveled together to the East Ridge Police Department's impound lot where Barbee's vehicle and the items found in it were being held. The victim identified the items in Barbee's vehicle as some of the property stolen from him. The victim also provided serial numbers for some of his stolen property that matched the serial numbers of items found in Barbee's vehicle.

Barbee was indicted and tried on three counts of burglary. The victim, undercover officer, and detective testified to the events as set out above. Barbee did not testify or present any witnesses on his own behalf. After hearing all of the evidence, the jury convicted Barbee of the charged offenses.

1. Although not enumerated as error, we conclude that the evidence discussed above was sufficient to authorize a rational jury to find Barbee guilty beyond a reasonable doubt of the charged offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 16-7-1 (a). "Once it is shown that goods were stolen in a burglary, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the stolen goods[.]" (Citations omitted.) *High v. State*, 282 Ga. 244 (1) (647 SE2d 270) (2007). Furthermore, "[q]uestions concerning the weight of the evidence and credibility of the witnesses were for the jury to decide." *Johnson v. State*, 289 Ga. App. 206, 208 (656 SE2d 861) (2008).

2. On direct examination by the State, the detective testified that he was unsuccessful in lifting any useable fingerprints from the victim's residence or the two outbuildings. The detective then was asked how many fingerprints he had been able to lift successfully in the approximately 600 burglaries he had investigated over the course of his career. Barbee objected on relevancy grounds, and the trial court overruled the objection. The detective testified that he had submitted only one set of fingerprints to the crime lab over that time and had obtained only one successful match.

Barbee argues that the trial court erred in permitting the detective to testify regarding the frequency with which he had successfully obtained fingerprint evidence in burglary investigations. We discern no reversible error. In *Key v. State*, 146 Ga. App. 536 (3) (246 SE2d 723) (1978), we held that a detective's testimony regarding the percentage of cases he had worked where fingerprints were not obtained, even if erroneously admitted, constituted harmless error. Because the detective's testimony "did not establish the commission of an independent crime nor connect the defendant with committing it," we reasoned that it was highly improbable that the alleged error contributed to the verdict. Id. Since the detective's testimony in the instant case was not materially different from that of the detective's in *Key*, we likewise conclude that any error in the admission of the testimony was harmless.

3. The detective also testified that after the victim identified the items in Barbee's vehicle as some of his stolen property, the East Ridge Police Department turned over the items to the detective. According to the detective, one of the items turned over to him was a large black pry bar. The State did not introduce the pry bar into evidence. Later in his testimony, the detective admitted that he made a mistake in how he handled the pry bar after it was turned over to him and that the notations in his file were incomplete as to chain of custody. Barbee then moved to strike the detective's testimony regarding the pry bar found in the vehicle due to the State's failure to establish chain of custody. The trial court denied Barbee's motion.

Barbee maintains that the trial court erred in denying his motion to strike the detective's testimony concerning the pry bar found in his vehicle. Again, we discern no reversible error. Later during the trial, the East Ridge undercover officer testified, without objection, that a large black pry bar was found in Barbee's vehicle and turned over to the Catoosa County detective. Thus, pretermitting whether the detective's testimony was improper, we conclude that "any error in its admission was harmless because the testimony was cumulative of other testimony later admitted without objection." *Bridges v. State*, 293 Ga. App. 783, 785 (2) (668 SE2d 293) (2008).

4. As part of its jury charge, the trial court instructed the jury on the inference that a jury is permitted, but not required, to draw from a defendant's recent, unexplained possession of stolen property. During deliberations, the jury twice requested clarification regarding this instruction. In response to each request, the trial court recharged the jury as to the recent, unexplained possession of stolen property, and further instructed the jury not to place any additional weight in the recharge and to consider the court's legal instructions in their totality.

Barbee contends that the trial court erred in twice recharging the jury regarding recent, unexplained possession of stolen property. He does not assert that the recharges were incorrect statements of the law, but that the repetition of the charge itself was error. We disagree.

"[T]his Court has traditionally deferred to the sound discretion of trial court judges in matters concerning the scope of a requested recharge[.]" (Footnote omitted.) *Duffie v. State*, 273 Ga. 314, 316-317 (3) (540 SE2d 194) (2001). And

> [a] mere repetition of a principle of law . . . will not work a reversal unless it appears from the charge as a whole that there was such undue emphasis as to result in an unfair statement of the law in relation to the defendant's rights. Mere repetition of a correct and applicable principle of law is not such error as requires reversal unless it takes color of an argumentative or opinionative utterance so as to tend to prejudice the minds of the jury.

(Citations and punctuation omitted.) *Bradford v. State,* 202 Ga. App. 724, 725 (2) (415 SE2d 697) (1992).

Here, the trial court's repetition of the recent possession charge was in direct response to specific inquiries from the jury and was accompanied by admonitions to not place additional weight on the recharges in isolation. Our review of the recharges leads us to conclude that the trial court did not make an "argumentative or opinionative utterance," but rather addressed the jury in a neutral manner aimed at resolving any confusion that had arisen during deliberations. Accordingly, the trial court acted within its discretion in twice recharging the jury on the recent, unexplained possession of stolen property. See *Martis v. State*, 305 Ga. App. 17, 21-22 (3) (699 SE2d 349) (2010) (trial court did not abuse its discretion in recharging jury, where court charged the jury three separate times on the concept of parties to a crime based upon repeated questions from the jury); *Bradford,* 202 Ga. App. at 725 (1) (no abuse of discretion by the trial court in recharging the jury twice regarding conspiracy).

5. At the sentencing hearing, the State introduced certified copies of Barbee's three prior felony convictions from the Criminal Court of Hamilton County, Tennessee in aggravation of sentence. Based upon these convictions, the trial court sentenced Barbee as a recidivist under OCGA § 17-10-7 (c).

Although there was no Tennessee court order expressly consolidating the three prior felony offenses for a single trial, Barbee claims that the trial court erred in sentencing him as a recidivist because the prior offenses were "consolidated for trial" for purposes of

OCGA § 17-10-7 (d) and should have been treated as one prior felony for purposes of sentencing. We are unpersuaded.

Under OCGA § 17-10-7 (c), any person with three prior felony convictions who commits a subsequent felony must "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." However, OCGA § 17-10-7 (d) provides in pertinent part: "For the purpose of this Code section, conviction of two or more crimes charged . . . in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction." In determining whether crimes have been consolidated for trial for purposes of OCGA § 17-10-7 (d), courts must look to the totality of the circumstances. *Head v. State*, 253 Ga. App. 757, 759 (3) (560 SE2d 536) (2002).

The trial court correctly concluded that Barbee's three prior offenses were not consolidated for trial under OCGA § 17-10-7 (d). The three prior crimes involved different victims, and each conviction had a separate case number, indictment, and sentencing order.[2] Under these circumstances, the record reflects that there was no consolidation. See *Self v. State*, 288 Ga. App. 77, 79 (2) (653 SE2d 787) (2007); *Harper v. State*, 270 Ga. App. 376, 380 (3) (606 SE2d 599) (2004); *Head*, 253 Ga. App. at 759 (3). Compare *Anderson v. State*, 176 Ga. App. 255, 256 (335 SE2d 487) (1985) (prior offenses were consolidated for trial where they "were pleaded to and sentenced in one order with one sentence").

Barbee emphasizes that he completed and submitted to the same Tennessee trial judge one "Petition to Enter Plea of Guilty" for the three prior offenses, and that the trial judge imposed concurrent sentences. But the fact that the prior offenses "were pled out at the same time, before the same judge, and resulted in the same sentence to run concurrently" does not establish that they were consolidated under OCGA § 17-10-7 (d). *Harper*, 270 Ga. App. at 379 (3). See *Head*, 253 Ga. App. at 759 (3). As such, Barbee has failed to come forward with a valid basis for overturning his recidivist sentence.

*Judgment affirmed. Blackwell and Dillard, JJ., concur.*

DECIDED MARCH 9, 2011.

*Samuel F. Robinson III*, for appellant.

---

[2] Citing to an exhibit attached to his motion for a new trial, Barbee mistakenly argues that only one sentencing order was entered for his three prior offenses. The exhibit in question does not include a sentencing order, but rather two subsequent administrative orders entered by the Tennessee trial judge that transferred supervision of Barbee from one department to another. In contrast, the exhibit introduced by the State in aggravation of sentence contains separate and distinct sentencing orders for each of the three prior felony offenses.

*Herbert E. Franklin, Jr., District Attorney, Alan C. Norton, Assistant District Attorney,* for appellee.